IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-17-HEH |
| ) | |
| CHARLES VANEVERA ) | |
| HARDENBERGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Denying Plaintiff's Contempt Motion, Denying the City of Petersburg's Motions, and Denying in Part Defendants' Motions to Quash)

THIS MATTER is before the Court on numerous motions filed by the parties and the City of Petersburg ("Petersburg"). Defendants Charles Vanevera Hardenbergh and Mari Liza Hardenbergh (collectively, the "Hardenberghs") filed a Motion to Quash Subpoena Duces Tecum Issued to City of Petersburg Bureau of Police (the "Petersburg Police Motion," ECF No. 58) and a Motion to Quash Subpoena Duces Tecum Issued to Petersburg Information Technology Department (the "Petersburg IT Motion," ECF No. 73) (collectively, the "Motions to Quash") on October 4, 2023, and October 25, 2023, respectively. The Hardenberghs argue that both subpoenas should be quashed because they request expunged documents. (Mem. in Supp. of Petersburg Police Mot. at 1, ECF No. 67; Mem. in Supp. of Petersburg IT Mot. at 1, ECF No. 74.) Plaintiff Pamela K. Hartnett ("Plaintiff") filed memoranda in response to the Motions to Quash on October 11, 2023, and November 1, 2023.

Thereafter, Plaintiff filed a Motion to Hold in Contempt (the "Contempt Motion," ECF No. 84) the Petersburg Bureau of Police ("Petersburg Police") and the Petersburg Information Technology Department ("Petersburg IT Department") (collectively, the "Petersburg Agencies") on November 28, 2023. Plaintiff asks the Court to hold the Petersburg Agencies in contempt because they failed to turn over responsive documents in their possession that were *not* expunged. (Br. in Supp. of Contempt Mot. at 2–4, ECF No. 85.) In response, Petersburg filed a Motion for Protective Order (ECF No. 86), a Motion for Sanctions (ECF No. 87), and a Response to the Contempt Motion (ECF No. 91) on December 5, 2023.[1] Plaintiff filed responsive memoranda on December 13, 2023.

The Court heard oral argument on the Motions to Quash on December 21, 2023. As to the Contempt Motion, the Motion for Protective Order, and the Motion for Sanctions, the Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. CIV. R. 47(J).

## I. Background

On September 26, 2023, Plaintiff issued and served a subpoena *duces tecum* on the Petersburg Police. (Br. in Supp. of Contempt Mot. ¶ 1.) The Hardenberghs filed their Motion to Quash this subpoena on October 4, 2023. The Petersburg Police responded to

---

[1] Petersburg originally filed its Response to the Contempt Motion, Memorandum in Support of the Motion for Protective Order, and Memorandum in Support of the Motion for Sanctions in a single document on December 5, 2023. (ECF No. 88.) Petersburg then filed the documents separately on December 7, 2023.

2

the subpoena on October 23, 2023, and provided certain police records to Plaintiff. (*Id.* ¶ 2.) However, it did not provide all of the records requested by the subpoena. (*Id.*) The Petersburg Police then told Plaintiff to "refer to Petersburg Information and Technology Department" for most of the records it did not provide. (Exhibit A-1 at 1, ECF No. 85-2.)

In response, Plaintiff issued a second subpoena *duces tecum* to the Petersburg IT Department on October 24, 2023. (Br. in Supp. of Contempt Mot. ¶ 4.) The Hardenberghs filed a Motion to Quash the subpoena the next day. The Petersburg IT Department did not respond to the subpoena and instead instructed Plaintiff to contact the Petersburg City Attorney (the "City Attorney"). (*Id.* ¶ 6.) On November 22, 2023, Plaintiff conferred with the City Attorney who stated that his office was advised by the Hardenberghs' counsel not to respond to Plaintiff's subpoenas until the Motions to Quash were resolved. (*Id.* ¶ 9; Resp. to Contempt Mot. ¶ 17, ECF No. 91.) Though Plaintiff informed the City Attorney that a number of the document requests were not covered by the expungement at issue in the Motions to Quash, the City Attorney refused to produce any of the requested documents. (Br. in Supp. of Contempt Mot. ¶¶ 10–11.)

## II. Contempt Motion & Motions to Quash

Because of Petersburg's failure to respond, Plaintiff asks the Court to hold the Petersburg Agencies in contempt. Federal Rule of Civil Procedure 45(f) allows a court to hold in contempt a party who "fails without adequate excuse to obey [a] subpoena or an order related to it." FED. R. CIV. P. 45(f). To hold a party in civil contempt, the movant must establish four elements "by clear and convincing evidence: (1) the existence of a valid court order; (2) the order was in the moving party's 'favor'; (3) a knowing violation

3

of the terms of the order; and (4) the moving party suffered harm from the violation." *Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020). If the movant proves all four elements, the burden shifts to the non-movant and "a good faith attempt to comply, as well as substantial compliance or the inability to comply, can be defenses to a civil contempt order." *United States v. Darwin Const. Co.*, 873 F.2d 750, 754 (4th Cir. 1989) (citing *Consolidation Coal Co. v. Loc. 1702, United Mineworkers of Am.*, 683 F.2d 827, 832 (4th Cir. 1982)).

Plaintiff argues that the Petersburg Agencies should be held in contempt because they failed to respond to Plaintiff's subpoenas, despite Plaintiff explaining to Petersburg that most of her requests were not covered by the expungement at issue in the Motions to Quash. (Br. in Supp. of Contempt Mot. ¶¶ 10–11.) Petersburg responds that the Petersburg Agencies should not be held in contempt because their lack of response was an attempt to avoid usurping the Court's authority. (Resp. to Contempt Mot. at 5.) Further, they did not produce any documents because they were unsure which documents, if any, the Court would allow to be produced when it rules on the Motions to Quash. (*Id.*) Since there were pending Motions to Quash that could potentially nullify the subpoenas issued, Plaintiff cannot show that Petersburg knowingly violated the subpoena. Accordingly, the Court will deny Plaintiff's Contempt Motion.

However, the Court finds Plaintiff's argument that the Petersburg Agencies should produce any non-expunged documents to be compelling. Thus, the Court will deny in part the Motions to Quash and will require the Petersburg Agencies to produce any responsive documents that are not expunged. At this time, the Court does not rule on

4

whether it is appropriate for the expunged documents to be produced. This issue remains open and the Court will make a determination at a later date.

### III. Motion for Protective Order

Petersburg seeks a protective order in response to Plaintiff's subpoenas. A non-party may seek a protective order in response to receiving a subpoena that it objects to. *United States v. Star Sci., Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002). Pursuant to Rule 26(c), "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'" *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)). "The standard for issuance of a protective order is high." *Wellin v. Wellin*, 211 F. Supp. 3d 793, 800 (D.S.C. 2016) (internal citation and quotations omitted).

Here, Petersburg has not met its high burden. It contends that, by issuing the second subpoena and filing the Contempt Motion, Plaintiff is attempting to circumvent the Court's ruling on the Hardenberghs' Motions to Quash. (Mem. in Supp. of Mot. for Protective Order at 5, ECF No. 89.) It appears that Petersburg argues it is prejudiced because producing responsive documents could potentially run afoul of the Court's eventual ruling on the Hardenberghs' Motions to Quash. (*Id.*) While it is true that Motions to Quash are pending, this is insufficient to prejudice Petersburg. Petersburg has made no showing that Petersburg *itself* would be prejudiced or harmed by turning over

the requested documents. In fact, it admits that it "has no independent objections to the production of the requested records." (*Id.*) Because Petersburg failed to demonstrate harm or prejudice, the Motion for Protective Order will be denied.

## IV. Motion for Sanctions

Petersburg also moves for sanctions against Plaintiff under Rule 45. Rule 45(d)(1) requires that the party issuing a subpoena "take[s] reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). If a party violates this rule, the district court "must enforce this duty and impose an appropriate sanction." *Id.* "What constitutes an 'undue burden' is assessed on a case-by-case basis. Factors considered include 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re Am. Kidney Fund, Inc.*, No. TDC-17-1787, 2019 WL 1894248, at *5 (D. Md. Apr. 29, 2019) (quoting *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018)). "[W]hile the court must find bad faith when imposing sanctions under its inherent authority, when acting under Rule 45(d)(1), bad faith is not required." *Peninsula Pathology Assocs. v. Am. Int'l Indus.*, No. 4:22-mc-1, 2022 WL 19574484, at *3 (E.D. Va. Dec. 23, 2022) (citing *Mod. Plastics*, 890 F.3d at 251).

Petersburg does not object to the document requests contained in the subpoenas, nor does it argue that production will cause an undue burden or expense. (*See* Mem. in Supp. of Mot. for Sanctions at 5, ECF No. 90.) Instead, it contends that Plaintiff should have sought a ruling on the Motions to Quash instead of filing the Contempt Motion

6

against Petersburg. (*Id.*) Petersburg claims that the Contempt Motion was filed in an effort to circumvent a ruling on the Motions to Quash. (*Id.*)

It does not, in fact, appear that Plaintiff filed her Contempt Motion in bad faith. Instead, Plaintiff attempted to resolve the discovery dispute with Petersburg, explaining that they were only asking Petersburg to produce documents not covered by any expungement order. (Br. in Supp. of Contempt Mot. ¶¶ 10–11.) They were not attempting to circumvent the Court's ruling by asking for expunged documents that will be addressed by the Court's ruling on the Motions to Quash. (*Id.*) It was only after Petersburg still declined to produce any responsive documents that Plaintiff filed the Contempt Motion.

The Contempt Motion likewise caused Petersburg no undue burden or expense. Plaintiff conferred with Petersburg beforehand and only filed the motion in an effort to obtain documents that Plaintiff believed should already have been produced. Because Plaintiff has complied with the requirements of Rule 45, the Motion for Sanctions will be denied.

## V. Conclusion

For the reasons stated herein, Plaintiff's Contempt Motion will be denied, Defendants' Motions to Quash will be denied in part, and Petersburg's Motion for Protective Order and Motion for Sanctions will be denied.

7

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 26, 2024
Richmond, VA