IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA K. HARTNETT,                    )
                                        )
            Plaintiff,                   )
                                        )
v.                                       )          Civil Action No. 3:23-cv-17–HEH
                                        )
CHARLES VANEVERA                         )
HARDENBERGH, *et al.*,                   )
                                        )
            Defendants.                  )

### MEMORANDUM OPINION
**(Resolving Defendants' Motion to Strike, Plaintiff's Motion to Compel, and
Newman's Motion to Quash)**

THIS MATTER is before the Court on Defendants Charles Vanevera

Hardenbergh's and Mari Liza Hardenbergh's (collectively, "Defendants") Motion to

Strike Plaintiff Hartnett's Expert Disclosure (the "Motion to Strike," ECF No. 136),

Plaintiff Pamela K. Hartnett's ("Plaintiff") Motion to Compel Defendants to Testify in

Depositions (the "Motion to Compel," ECF No. 161), and Richard K. Newman, Sr.'s

("Newman") Motion to Quash Deposition and Accompanying Document Production

Request (the "Motion to Quash," ECF No. 146).  The parties have filed extensive

memoranda supporting their respective positions, and the Court heard oral argument on

May 29, 2024.  For the reasons that follow, the Court will grant in part and deny in part

the Motion to Strike and the Motion to Quash and will grant the Motion to Compel.

# I. BACKGROUND

Plaintiff's claims primarily center around an alleged assault and battery and abduction committed by Defendants that occurred from July 20–25, 2019.[1] (Am. Compl. ¶¶ 24–57, ECF No. 9.)  Plaintiff reported Defendants' actions to the Petersburg Police Department on July 25, 2019. (*Id.* ¶ 58.)  Criminal warrants were issued against Defendants, Plaintiff obtained an emergency protective order, and Plaintiff filed a criminal complaint against Defendants. (*Id.* ¶¶ 58–59.)  Newman, the Commonwealth's Attorney for the City of Hopewell, was appointed as special prosecutor due to a conflict of interest with the Petersburg Commonwealth's Attorney's Office, and Defendants were ultimately indicted on multiple charges by a grand jury.  (*Id.* ¶¶ 60, 63.)  Newman investigated the charges against Defendants and told Plaintiff that he would move to dismiss Defendants' charges if they demonstrated that they completed court-ordered anger management classes. (*Id.* ¶¶ 65–66.)  Newman moved to dismiss the charges against Defendants, and they were dismissed on January 20, 2022. (*Id.* ¶¶ 66–67.) Defendants obtained an expungement order for the dismissed criminal charges on or about November 3, 2022. (Pl.'s Br. in Supp. of Mot. to Compel Disc. at 2 n.1, ECF No. 65.)

---

[1] This case is multifaceted, involving various claims made by the parties, conflicting factual narratives, and events that occurred over the course of four (4) years.  The Court will only recite those facts which are relevant to the motions at hand.

## II. DISCUSSION

### A. Defendants' Motion to Strike

Defendants argue that Plaintiff should be barred from offering expert testimony at trial because her expert disclosures fail to satisfy the requirements of Federal Rule of Civil Procedure 26 and Virginia Rule 4:1(b)(4)(A)(i). (Defs.' Mem. in Supp. at 3–18, ECF No. 137.) Defendants first assert that Plaintiff's experts do not qualify as treating physicians and, thus, they failed to submit the written report and other documentation required under Rule 26(a)(2)(B). (*Id.* at 3–8.) Additionally, even if the experts are treating physicians, Defendants contend that the disclosures do not comply with Rule 26(a)(2)(C) because they fail to include the facts and opinions that the experts will testify to. (*Id.* at 8–10.) Defendants state that the inadequate disclosures justify excluding the expert testimony because Plaintiff cannot show that the inadequacies were substantially justified or harmless. (*Id.* at 10–14.) Finally, Defendants argue that Plaintiff's disclosures do not satisfy Virginia law and that the Court should apply Virginia law because this is a diversity case and Virginia's expert requirements are substantive. (*Id.* at 16–18.)

The Court will first address whether the Federal Rules of Civil Procedure or Virginia law governs expert disclosures in a diversity case. Federal courts apply state "substantive law and federal procedural law when sitting in diversity." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (citations omitted). Defendants cite to *Wright v. Commonwealth Primary Care, Inc.*, No. 3:10-cv-34, 2010 WL 4623998 (E.D. Va. Nov. 2, 2010), *aff'd*, 445 F. App'x 632 (4th Cir. 2011), to support their

3

argument that expert disclosure rules are substantive. (Defs.' Mem. in Supp. at 14.)
However, *Wright* holds that "[e]xpert *qualification* requirements are generally considered
substantive [law]." 2010 WL 4623998, at *2. The district court then applied the Federal
Rules of Civil Procedure when analyzing the motion to strike an expert disclosure. *Id.*
at *3–5. Thus, the district court in *Wright* assumes that Rule 26 governs expert
*disclosures*, even though Virginia law ultimately governs expert *qualifications*. *See id.*
This Court finds that the rules governing expert disclosures are procedural and, thus,
federal law controls.

Next, the Court turns to whether Plaintiff's expert disclosures satisfy the
requirements of Rule 26. Generally, treating physicians are not considered specially
retained experts and are not required to submit a written report under Rule 26(a)(2)(B).
*Perkins v. United States*, 626 F. Supp. 2d 587, 590 (E.D. Va. 2009). However, if a party
retains a physician to provide testimony, the physician must submit an expert report. *Id.*
If an attorney refers their client to a physician, there is a presumption that the physician is
retained. *Id.*

Defendants assert that Plaintiff's designated experts were retained for trial and
only began treating Plaintiff after her counsel introduced her to them. (Defs.' Mem. in
Supp. at 4–6.) Defendants point to treatment notes made by Dr. James E. Sellman ("Dr.
Sellman") and Pam Stacey ("Stacey"), which reference court dates and various details
about the ongoing litigation and include the phone number of Plaintiff's attorney. (*Id.*
at 5–6; *see generally* Ex. C, ECF No. 138.) These notes do not indicate that Plaintiff's
attorney referred her to these physicians. In fact, Plaintiff began treatment in 2019,

4

shortly after the alleged assault.[2]  (Ex. C at 2.)[3]  Most of the details contained in the

physicians' notes appear to be shared with the physicians by Plaintiff.  (*See generally*

Ex. C.)  Regarding the other two (2) designated experts, Dr. David W. Miller, Sr. and Dr.

Mark Ende, Defendants provide no justification for why they are not treating experts,

other than the fact that they provided their fee sheets for legal review and appearance at

trial.  (Defs.' Mem. in Supp. at 5.)  Providing fee sheets alone is not enough to make a

witness a retained expert.  At the hearing, Plaintiff's attorney represented that none of the

designated experts were retained for trial.  Based on Dr. Sellman's and Stacey's notes and

Plaintiff's representations, the Court finds that Plaintiff's designated experts are treating

physicians that are not required to submit an expert report under Rule 26(a)(2)(B).

However, even though her experts are treating physicians, Plaintiff is still required

to provide expert disclosures that meet the requirements of Rule 26(a)(2)(C).

Rule 26(a)(2)(C) requires Plaintiff to provide a disclosure that states "the subject matter

on which the witness is expected to present evidence under Federal Rule of Evidence

702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is

expected to testify."  FED. R. CIV. P. 26(a)(2)(C).  "A mere statement of the topics of the

opinions is insufficient."  *Marr v. Abercrombie & Fitch Stores, Inc.*, No. 5:14-cv-123-F,

2015 WL 3827326, at *5 (E.D.N.C. June 19, 2015) (citation omitted).  In her disclosures,

Plaintiff provides one (1) paragraph on each of the experts that only vaguely describes the

---

[2] Notably, Plaintiff did not file her Complaint in this case until January 5, 2023.

[3] When citing to the parties' exhibits, the Court employs the pagination assigned by the CM/ECF docketing system.

topic that the expert will testify about. (Pl.'s Disclosure at 1–2, ECF No. 137-1.)  For

example, Plaintiff states that Dr. Sellman

> will testify as to his course of treatment of [] Plaintiff for PTSD and other
> psychiatric conditions due [to] the physical, mental and emotional injuries
> directly caused [to] Plaintiff by the multiple physical assaults and batteries
> and other related crimes she experienced . . . by the Hardenberghs, and her
> condition prior to and as result of the treatment rendered.

(*Id.*)  These vague statements do not meet the requirements of Rule 26(a)(2)(C).

Though the Court finds Plaintiff's expert disclosures inadequate, it need not

exclude Plaintiff's experts.  At the time Defendants filed their Motion, the trial in this

case was set to begin on July 15, 2024.  This meant that Defendants' deadline to notice

rebuttal experts had already passed.  (*See* Pretrial Schedule A at 4, ECF No. 30-1.)

However, the trial start date has since been continued to October 28, 2024.  (Minute

Entry at 1, ECF No. 214.)  The pretrial discovery dates will be adjusted accordingly, and

Plaintiff's expert disclosures are now due on June 10, 2024.  Thus, Defendants will not be

prejudiced if the Court orders Plaintiff to amend her expert disclosures to meet the

requirements of Rule 26(a)(2)(C) on or before June 10, 2024.  Because Plaintiff's

amendment should resolve the deficiencies in her disclosures, the Court need not reach

the question of whether Plaintiff's disclosures are harmless.

### B. Plaintiff's Motion to Compel

Plaintiff asks the Court to compel Defendants to fully answer deposition questions.

(Pl.'s Mem. in Supp. ¶ 6, ECF No. 162.)  Plaintiff also requests reasonable attorneys'

fees, court reporter fees, and videographer fees for both the original depositions and any

future depositions of Defendants.  (*Id.* at 3; Pl.'s Reply at 3, ECF No. 165.)  During

Defendants' depositions, they refused to answer various questions because they believed that the answers contained information included in the expunged records of their criminal cases. (*See, e.g.*, Charles' Dep. at 7:25–8:7, ECF No. 196-1; Mari's Dep. at 7:11–10:14, ECF No. 196-2.) Thus, Defendants believed that answering such questions would potentially subject them to criminal prosecution. (Charles' Dep. at 7:25–8:7; Mari's Dep. at 7:11–24.)

Under Virginia law, it is "unlawful for any person having or acquiring access to an expunged court or police record to open or review it or to disclose to another person any information from it without an order from the court which ordered the record expunged." VA. CODE ANN. § 19.2-392.3(A). Violating this statute is a Class 1 misdemeanor. *Id.* § 19.2-392.3(C).

In their depositions, Defendants refused to answer a variety of questions based on this statute, including questions about their places and dates of birth, addresses, and the name of their dog. (*See* Charles' Dep. at 7:25–8:7, 8:25–9:22; Mari's Dep. at 7:11–24, 11:6–13, 31:15–32:7.) They argue that answering these questions is a violation of the statute because it would involve divulging information contained in the expunged records. (Defs.' Mem. in Opp'n at 1–2, ECF No. 164.) The plain language of the statute indicates that it is intended to protect expunged records from improper release. It contains no language that would prohibit an individual from discussing their own personal knowledge of the underlying events related to the expunged record. *Morris v. Massingill*, 61 Va. Cir. 532, 536–37 (Va. Cir. Ct. 2003) (finding that testimony based on an individual's note and memory was allowable under § 19.2-392.3 because the statute

"focus[es] on the physical documents that make up the police and court records and not any independent source of the information the documents contain" (citation omitted)). To interpret the Virginia expungement statute otherwise would lead to untenable results. For example, under such a broad interpretation, it would be a misdemeanor for a person to ever share their name with someone else if an expunged record contained it. This cannot be a valid interpretation of the statute.

Thus, the Court finds that Defendants will not be subject to criminal liability if they answer deposition questions that relate to their personal knowledge and memory. Virginia Code § 19.2-392.3 only prohibits Plaintiff from asking directly about the contents of the expunged records, i.e., "tell me what the expunged records state." Accordingly, Plaintiff's Motion to Compel will be granted. Defendants will be required to answer any deposition questions of which they have independent personal knowledge. Furthermore, the Court finds that it is appropriate to allow Plaintiff two (2) hours for each Defendant to conduct the additional depositions. Thus, Plaintiff will be allowed to conduct an additional two-hour deposition of Mari Hardenbergh and an additional two-hour deposition of Charles Hardenbergh.

Because the Court grants the Motion to Compel, the Court must consider awarding attorneys' fees and costs under Rule 37. Rule 37(a)(5) states that the Court must "require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). However, "the [C]ourt must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

8

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(i)–(ii).

None of the exceptions are met here. Plaintiff attempted in good faith to obtain answers during the deposition. Additionally, the Court does not find that Defendants' refusal to answer deposition questions was substantially justified. Their interpretation of Virginia Code § 19.2-392.3 borders on the absurd. Finding it appropriate to do so, the Court will award attorneys' fees, court reporter fees, and videographer fees to Plaintiff. However, Plaintiff's request for fees is overly broad. Defendants should not be required to pay fees for the depositions of Defendants that have already been taken, as these depositions were part of the normal course of discovery. Accordingly, Defendants Charles Hardenbergh and Mari Hardenbergh shall be required to pay attorneys' fees and court reporter and videographer fees only for the costs associated with litigating Plaintiff's Motion to Compel and the future, curative depositions. After the depositions are finalized, Plaintiff will be required to file a schedule of fees for the Court to review in order to determine the appropriate amount owed.

## C. Newman's Motion to Quash

Newman argues that Plaintiff's deposition subpoena and accompanying documents request should be quashed because the information Plaintiff seeks is privileged. (Newman's Mem. in Supp. at 1–3, ECF No. 147.) The work-product doctrine protects work that attorneys complete in preparation of litigation. *In re Grand Jury Proc., Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 348 (4th Cir.

1994).  There are two (2) categories of work product: (1) fact work product, and (2) opinion work product.  *Id.*  Opinion work product includes "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  *In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 254 (4th Cir. 2023) (quoting FED. R. CIV. P. 26(b)(3)(B)) (internal quotations omitted).  "[O]pinion work product 'enjoys a nearly absolute immunity and can be discovered by adverse parties only in very rare and extraordinary circumstances.'"  *Id.* (quoting *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019)) (simplified).  Fact work product is also protected and such documents are only discoverable when "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  FED. R. CIV. P. 26(b)(3).

Based on these principles, the documents that Newman prepared during the course of Defendants' prosecution are privileged.  The documents were prepared in preparation for litigation, and Newman states that all of the requested documents relate to Newman's "formulation of legal theories, evaluation of evidence, evaluations of his witnesses, [and] his formulation of legal judgments."  (Mot. to Quash at 2.)  To the extent that the documents are fact work product, Plaintiff has not made an adequate showing that she could not procure the information in the documents through other means.  Accordingly, the Court will quash the document production request.

However, the work product doctrine does not completely bar prosecutors from being deposed.  *See Hall v. Putnam Cnty. Comm'n*, No. 3:22-cv-277, 2023 WL 8006417,

at *1 (S.D. W. Va. Nov. 17, 2023) ("There is no law or rule that entirely prohibits the deposition of a prosecutor . . . however, 'it is appropriate to require the party seeking to depose an attorney to establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome.'" (quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987))).

At the hearing, Plaintiff indicated that she does not intend to depose Newman on his mental impressions or legal judgments regarding the prosecution of Defendants. Rather, Plaintiff seeks to depose Newman about his knowledge of whether Defendants took anger management courses and any conversations that Newman has had with Defendants after their charges were dismissed. These questions are a legitimate basis for the deposition in this case and are not covered by the work product doctrine. Thus, the Court will deny Newman's Motion to Quash as to the deposition. Plaintiff may depose Newman, but may not ask about Newman's "mental impressions, conclusions, opinions, or legal theories" concerning Defendants' criminal prosecution. FED. R. CIV. P. 26(b)(3)(B).

## IV. CONCLUSION

In sum, the Court will grant in part and deny in part the Motion to Strike and the Motion to Quash and will grant the Motion to Compel.

An appropriate Order will accompany this Memorandum Opinion.

Henry E. Hudson
Senior United States District Judge

Date: June 7, 2024
Richmond, Virginia