IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-17-HEH |
| ) | |
| CHARLES VANEVERA ) | |
| HARDENBERGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
### (Granting in Part and Denying in Part Defendants' Motions to Quash, Olsen's Motion to Quash, and Plaintiff's Motion to Compel and Motion to Release Sealed Documents)

THIS MATTER is before the Court on Defendants Charles Vanevera Hardenbergh's and Mari Liza Hardenbergh's (collectively, "Defendants") Motions to Quash (ECF Nos. 58, 59, 69, 71, 73), Commonwealth's Attorney Eric L. Olsen's ("Olsen") Motion to Quash (ECF No. 63), and Plaintiff Pamela K. Hartnett's ("Plaintiff") Motion to Compel Discovery (ECF No. 64) and Motion to Release Sealed Documents (ECF No. 153). These motions center around the same issue: whether the Court may order Defendants and local government entities to produce expunged documents to Plaintiff in discovery. The parties have filed extensive memoranda supporting their respective positions, and the Court heard oral argument on December 21, 2023.

For the reasons that follow, the parties' Motions will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff's claims primarily center around an alleged assault and battery and abduction committed by Defendants that occurred from July 20–25, 2019.[1] (Am. Compl. ¶¶ 24–57, ECF No. 9.) Plaintiff reported Defendants' actions to the Petersburg Police Department on July 25, 2019. (*Id.* ¶ 58.) The Petersburg police issued criminal warrants against Defendants, Plaintiff obtained an emergency protective order, and Plaintiff filed a criminal complaint against Defendants. (*Id.* ¶¶ 58–59.) Richard K. Newman ("Newman"), the Commonwealth's Attorney for the City of Hopewell, was appointed as special prosecutor due to a conflict of interest with the Petersburg Commonwealth's Attorney's Office, and a grand jury ultimately indicted Defendants on multiple charges. (*Id.* ¶¶ 60, 63.) Newman investigated the charges against Defendants and informed Plaintiff that he would move to dismiss Defendants' charges if they completed court-ordered anger management classes. (*Id.* ¶¶ 65–66.) Newman moved to dismiss the charges against Defendants, and they were dismissed on January 20, 2022. (*Id.* ¶¶ 66–67.)

After this, Defendants sought, and ultimately obtained, multiple criminal warrants for Plaintiff. (*Id.* ¶¶ 75–82.) Olsen, the Commonwealth's Attorney for Stafford County, was appointed as a special prosecutor for these charges. (*Id.* ¶ 84.) Olsen then dismissed all charges against Plaintiff. (*Id.*) Olsen also represented the Commonwealth at a hearing on the expungement of Defendants' criminal records, held on November 3, 2022. (*See*

---

[1] This case is multifaceted, involving various claims made by the parties, conflicting factual narratives, and events that occurred over the course of four (4) years. The Court will only recite those facts which are relevant to the motions at hand.

2

Nov. 3, 2022 Tr. at 1, 2:1, ECF No. 245.) Defendants obtained an expungement order for their dismissed criminal charges at that hearing. (*Id.* at 12:21; Pl.'s Br. in Supp. at 2 n.1, ECF No. 65.)

Plaintiff brings the following counts against Defendants: Assault and Battery (Count I); Defamation (Count II); Negligence, Gross Negligence, and/or Willful and Wanton Negligence (Count III); Trespass (Count IV); and Malicious Prosecution – Criminal and Civil (Count V). (Am. Compl. ¶¶ 88–139.) In response, Defendants bring a counterclaim raising six (6) counts of malicious prosecution against Plaintiff. (Am. Answer ¶¶ 220–61, ECF No. 39.)

## II. DISCUSSION

Defendants filed five (5) Motions to Quash that each address a different records subpoena directed to a local entity. These entities include the City of Petersburg Bureau of Police, the Stafford County Commonwealth's Attorney's Office, the Virginia State Police, the Virginia Department of Forensic Science – Lab, and the Petersburg Information Technology Department. (*Id.*) Defendants argue that these subpoenas should be quashed because they request expunged records which cannot be legally shared. (Defs.' Br. in Supp. ¶¶ 6–8, ECF No. 66.)[2] Olsen's Motion to Quash addresses the subpoena directed to the Stafford County Commonwealth's Attorney's Office and likewise argues that some of the records requested cannot be provided because they are

---

[2] Defendants' Briefs in Support of their Motions to Quash are substantively identical. Thus, when citing to Defendants' Briefs in Support, the Court will cite to the Brief in Support of Defendants' Motion to Quash Subpoena Duces Tecum Issued to Stafford County Commonwealth's Attorney's Office (ECF No. 66) for simplicity.

3

expunged. (Olsen's Mot. to Quash ¶¶ 4–5.) In Plaintiff's Motion to Compel, Plaintiff asks the Court to compel Defendants to provide her with any expunged documents in Defendants' possession. (Pl.'s Br. in Supp. at 3–4.) Because these motions all address the same issue, whether the expunged records may be provided to Plaintiff, the Court will address them together.

Under Virginia law, it is "unlawful for any person having or acquiring access to an expunged court or police record to open or review it or to disclose to another person any information from it without an order from the court which ordered the record expunged." VA. CODE ANN. § 19.2-392.3(A). Violating this statute is a Class 1 misdemeanor. *Id.* § 19.2-392.3(C). The statute permits court-ordered review of an expunged record upon the petition of a Commonwealth's Attorney "alleging that the record is needed by a law-enforcement agency for purposes of employment application as an employee of a law-enforcement agency or for a pending criminal investigation and that the investigation will be jeopardized or that life or property will be endangered without immediate access to the record." *Id.* § 19.2-392.3(B).

The parties disagree as to which version of Virginia Code § 19.2-392.3 is currently in effect. In 2023, the Virginia General assembly amended § 19.2-392.3, adding two (2) new provisions to the statute, which read as follows:

> C. Upon a verified petition requesting access to an expunged court or police record that is filed by the person who was charged with the offense that was ordered to be expunged, with notice to the attorney for the Commonwealth, the court may enter an order allowing that person and their counsel to review and copy the expunged court or police record. However, no agency or entity shall be required to allow the person or their counsel to review or copy the expunged court or police record if such record has been destroyed.

4

> D. Any person who willfully violates this section is guilty of a Class 1 misdemeanor. However, unless otherwise prohibited by law, any person who opens, reviews, or discloses information from an expunged court or police record after being provided a copy of such record by the person who was charged with the offense that was ordered to be expunged, or by counsel for such person, shall not be in violation of this section.

2023 Va. Acts 1136, 1145 (italics omitted). These new provisions allow individuals to access their own expunged records by submitting a verified petition for access. The provisions go into effect "on the earlier of (i) the date on which the processes to seal criminal history record information and court records pursuant to Chapters 524 and 542 of the Acts of Assembly of 2021, Special Session I, become effective or (ii) July 1, 2025." *Id.* at 1151. Chapters 524 and 542 of the 2021 special session require certain procedures and information systems related to sealing records to be developed and implemented. *See* 2021 Va. Acts 1624–44, 1730–51 (emphasis omitted).

Plaintiff argues that the amended statute is currently in effect and that it allows Defendants to obtain copies of their expunged records and share them with Plaintiff. (Pl.'s Br. of Court's Authority to Order Def. to Provide Expunged Docs. in Disc. at 5–9, ECF No. 104.) Defendants assert that the amended statute is not yet in effect and it would be inappropriate for the Court to order Defendants to provide the expunged records. (Defs.' Resp. to Pl.'s Br. of Court's Authority to Order Def. to Provide Expunged Docs. in Disc. at 1–6, ECF No. 106.) There is no evidence that the requirements of Chapters 524 and 542 have been met, nor has the July 1, 2025 deadline elapsed. Thus, the Court must conclude that the amended version of § 19.2-392.3 has not yet taken effect and will proceed to analyze the older version of the statute.

5

As an initial matter, the Court finds that the expunged records are likely very relevant to the case at hand. Defendants' malicious prosecution claims are based on the criminal proceedings in which their records are now expunged. In order to prove these malicious prosecution claims, Defendants must show that the prosecutions were brought without probable cause. *Bennett v. R & L Carriers Shared Servs., LLC*, 744 F. Supp. 2d 494, 510 (E.D. Va. 2010), *aff'd*, 492 F. App'x 315 (4th Cir. 2012) (quoting *Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998)). There is a substantial likelihood that the expunged records will make the fact of whether probable cause existed for Defendants' prosecutions more or less likely. Thus, the expunged records at issue are important for both Defendants' case-in-chief and Plaintiff's defense.

The statute makes clear that disclosing expunged records is a misdemeanor in Virginia. It is also clear that only "the court which ordered the record expunged" may enter an order allowing the contents of an expunged record to be disclosed. VA. CODE ANN. § 19.2-392.3(A). The records in this case were expunged by the Honorable C. Peter Tench, sitting by special designation in the Circuit Court for the City of Petersburg. (*See* Nov. 23, 2022 Tr. at 2:21–23.) Because this Court did not order the initial expungement, it may not, under § 19.2-392.3(A), order the disclosure of the expunged records.

However, the circumstances surrounding the expungement of Defendants' records are unique. At the November 3, 2022 expungement hearing, Olsen made Judge Tench aware that Plaintiff and Defendants were involved in parallel litigation where

6

Defendants' criminal records would likely be relevant. (*Id.* at 6:22–8:17, 10:16–12:2.)

Judge Tench granted the expungement motion but did so conditionally. He stated

> I'm going to grant the expungement and, [] if, in fact, the parties—if the [C]ommonwealth—if the parties come [] to you and feel they need this information [and the Commonwealth] think[s] [] it has to be disclosed then of course they can file and verify the petition. And I'm the judge. I'll enter the order and grant it.

(*Id.* at 12:21–13:2.) Thus, it appears that Judge Tench granted the expungement order with the condition that, if the records were needed in other litigation, he would reopen the records.

### III. CONCLUSION

Defendants' Motions to Quash, Olsen's Motion to Quash, and Plaintiff's Motion to Compel and Motion to Release Sealed Documents will be granted in part and denied in part. The Court finds that it would be inappropriate to order Defendants, or any other entities, to provide the expunged records to Plaintiff. However, if Judge Tench, or another appropriate judge, grants a motion to unseal the expunged records, this Court finds that the records are relevant and should be turned over to Plaintiff in discovery.

It is so ORDERED.

_____
Henry E. Hudson
Senior United States District Judge

Date: July 9, 2024
Richmond, Virginia