IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Action No.: 3:23-cv-17 |
| CHARLES V. HARDENBERGH, et al., | ) |
| Defendants/Counter-Plaintiffs. | ) |

**PLAINTIFF/COUNTER-COMPLAINT DEFENDANT PAMELA K. HARTNETT'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW your Plaintiff/Counter-Complaint Defendant Pamela K. Hartnett (hereafter "Hartnett"), by counsel, and pursuant to Federal Rules of Civil Procedure 56, hereby submits this Memorandum in Support of her Motion for Partial Summary Judgment, and states as follows:

## INTRODUCTION

Hartnett files this Partial Motion for Summary Judgment against the Defendants Charles V. Hardenbergh Defendant/Counter-Complaint Plaintiff ("CVH"), and Mari L. Hardenbergh, Defendant/Counter-Complaint Plaintiff, ("MLH") Counter-Complaint alleging Hartnett's malicious prosecution arising out of the criminal charges for their beating of her in their limo on the evening of July 20, 2019 and their subsequent breaking and entering into her house and further beating of her on July 20 –21, 2019, and thereafter CVH taking her against her will to the Defendants' home in Lexington, Virginia until their return to Petersburg, Virginia late in the afternoon of July 25, 2019.

1

After contacting her attorney's office on the afternoon of July 25, 2019, her counsel came to Hartnett's home and extensively interview her, reviewed her facial damage, her pictures of her injuries and her wrecked and damaged home. On her counsel's considered advice, Hartnett thereafter sought criminal charges against the Defendants from the City of Petersburg Magistrate's Office which included an interview of Hartnett by a City of Petersburg Police Officer as to the felony charges.

Those charges were later *nolle prosequi* on motion by the Special Prosecutor Richard Newman on November 18, 2019. Thereafter Hartnett sought and obtained a reissuing of the original criminal charges from the City of Petersburgh Magistrate's Office which Newman again *nolle prosequied* on or about December 16, 2019.

Thereafter, on January 8, 2020, Newman sought direct indictments on essentially the same criminal charges against the Defendants from a multi-jurisdictional Grand Jury sitting in Colonial Heights Circuit Court.

However, these indictments against the Defendants were later conditionally *nolle prosequi* by Newman per his December 12, 2021 email to Defendants three criminal counsel, as well as to Hartnett and her counsel, when he stated that such action required the Defendants completion of anger management courses and the payment to DJCS incurred medical expenses of Hartnett. The Defendants voluntarily complied with Newman's terms and conditions to get their criminal charges *nolle prosequi*. Thereafter on January 6, 2022, Newman moved to *nolle prosequi* the Defendants criminal charges in the Petersburg Circuit Court. The final Court order was entered January 20. 2022.

Thus, as set forth herein, upon the Defendants voluntary actions of meeting the terms and conditions of the government to take anger management courses and pay DCJS for Hartnett's

medical treatment to have their criminal charges *nolle prosequied*, they are now barred from maintaining any claim for malicious prosecution against Hartnett.

## STATEMENT OF UNDISPUTED MATERIAL FACTS
## PURSUANT TO LOCAL CIVIL RULE 56 (B)

In this case, the undisputed material facts are:

1. The Plaintiff's Complaint was filed on January 5, 2023. (ECF Doc. 1).

2. The Plaintiff filed her First Amended Complaint on February 1, 2023, which added a malicious prosecution charge against the Defendants arising out of the favorable dismissal of the criminal charges and civil protective order on January 27, 2023, and which were brought against her by the Defendants. (ECF Doc. 9, including all exhibits).

3. Defendants filed their Answer and Grounds of Defense on March 3, 2023 (ECF Doc. 26).

4. Defendants thereafter filed on July 28, 2023, their Amended Answer to First Amended Complaint to included Counter-Complaint for Malicious Prosecution against the Plaintiff for three counts each. (ECF Doc. 39).

5. Defendants thereafter filed on August 10, 2023, their Second Amended Answer to First Amended Complaint to include Counter-Complaint for Malicious Prosecution for the same three counts. (ECF Doc. 44).

6. Both Counter-Complaints filed by each of the Hardenberghs' contained 3 counts for each Defendant and were the same and covered the three criminal actions against each of them when each separate set of charges were *nolle prosequi* by the Special Prosecutor Richard Newman; the first time was on November 18, 2019 for charges brought on July 25, 2019; the

3

second time was on December 16, 2019 for charges brought on December 11, 2019; and the third and last time on January 6, 2019 on indictments obtained by Richard Newman on January 8, 2019. ECF Doc. 44, Page ID # 733-737;740, par. 228).

7. In Plaintiff's First Amended Complaint (ECF Doc. 9, par. 59), The Hardenberghs were thereafter served with the criminal warrants and obtained the legal services of Lee Kilduff to represent Mr. Hardenbergh and David Whaley to represent Mrs. Hardenbergh. The Hardenberghs later also retained Peter Elides of Hopewell. This have been admitted by the Defendants (ECF Doc 26, Page ID# 369)

8. The July 25, 2019, criminal filings by Plaintiff resulted in the Petersburgh Circuit Court appointing Richard Newman, Hopewell's Commonwealth Attorney as Special Prosecutor on August, 8, 2019. (ECF Doc.9, par. 60). This has been admitted by the Defendants (ECF Doc. 44, Page ID #714).

9. In Plaintiff's First Amended Complaint (ECF Doc. 9, par 61), Thereafter, the criminal warrants against the Hardenberghs were *nolle prossed* by Newman in the Petersburg General District Court on November 18, 2019, to which Hartnett opposed. This has been admitted by the Defendants (ECF Doc. 44, Page ID #714).

10. In Plaintiff's First Amended Complaint (ECF Doc. 9, par. 62), Criminal warrants were again obtained by Hartnett, and again they were *nolle prossed* by Newman in the Petersburg General District Court on December 16, 2019, to which Hartnett again opposed. This has been admitted by the Defendants (ECF Doc. 44, Page ID #714).

11. In Plaintiff's First Amended Complaint (ECF Doc. 9, par. 63), (See Ex. "A"), On or about January 8, 2020, after Hartnett's continued efforts to seek justice, Newman sought and obtained from the local multi-jurisdictional grand jury in Circuit Court of Colonial Heights,

Virginia, the issuance of multiple criminal indictments of felonies and misdemeanors against the Hardenberghs. This has been admitted by the Defendants (ECF Doc. 44, Page ID #714).

12. In Plaintiff's First Amended Complaint (ECF Doc. 9, par. 66, Ex 8). Newman advised defense counsel, Hartnett, and her counsel by email dated December 10, 2021 of his intent to place the Hardenberghs' criminal matter on the Court's Docket for January 6, 2022 at 9:00 a.m., stating that prior to that date the Hardenberghs are to have paid DCJS in full as to the amounts that have been disbursed to Ms. Hartnett due to treatment received, and further stated: "Both should be enrolled in anger management classes. They will be ordered by the Court to complete those classes. If both of these matters are done by that date, I will take a *nolle prosequi* of the charges." See E-mail from Newman, December 10, 2021, 10:26 a.m., attached as Exhibit 8. See Ex. "A".

13. In Plaintiff's First Amended Complaint (ECF Doc. 9, par. 67, Ex. 9), On January 6, 2022, retired Circuit Court and substitute Judge Daniel Balfour, sitting in the Petersburg Circuit Court, granted the *nolle prosequi* motions, and they were entered January 20, 2022. This has been admitted by the Defendants (ECF Doc. 44, Page ID #714). See Exhibit "B".

14. Newman has testified under oath in this matter the Defendants took the anger management courses and that he saw the Defendants anger management certificates (See Ex. "C" Newman Deposition page 21, lines 6-18.)

15. Further, Defendant Charles Hardenbergh has testified under oath that the Plainitiff's medical bills were paid by the Defendants to the DCJS (See Ex. "D" Charles V. Hardenbergh's Deposition, page 193, lines 3-14.)

## ARGUMENT

1. **DEFENDANTS' MALICIOUS PROSECUTION CLAIMS ARE BARRED AND CANNOT BE MAINTAINED AS THE DEFENDANTS VOLUNTARILY AGREED TO TAKE ANGER MANAGEMENT CLASSES AND PAY FOR THE PLAINTIFF'S MEDICAL BILLS AS PART OF THE GOVERNMENT'S TERMS AND CONDITIONS TO HAVE THEIR CRIMINAL CHARGES NOLLE PROSEQUIED.**

Virginia Courts and this Court have recognized only one exception to the rule that an order of *nolle prosequi* permits a malicious prosecution claim to go forward, namely cases where the order was entered as a result of a voluntary agreement or compromise between the government and the defendant, and thus such action defeats a subsequent suit for malicious prosecution. See, e.g., *Orndorff, v. Bond*, 185 VA 497, 39 S.E. 2d 353 (1946) ("Therefore, we are of the opinion that the evidence in the case at bar conclusively discloses that the plaintiff voluntarily compromised and settled the misdemeanor warrant and he may not maintain an action for malicious prosecution for that reason."); *Snyder v. City of Alexandria,* 870 F. Supp. 672 (E.D. Va 1994) ( Ft. 17: "Yet, not every *nolle prosequi* order will support a subsequent action for malicious prosecution. A prosecutor's decision not to proceed does not necessarily mean that the prosecution was originally unjust. This is so, for example, where the decision to abandon prosecution results from 'a voluntary compromise…by the procurement or with the consent of the accused.' *Orndorff v. Bond*, 185 Va. 497,39 S.E. 2d 353,354 (1946)"); *Andrews v. Ring,* 266 Va. 311, 585 S.E. 2d at 787, (2003) ("A voluntary compromise ending a criminal prosecution defeats a subsequent suit for malicious prosecution." Citing *Orndorff v. Bond*); and *Bennett v. R & L Carriers Shared Services, LLC,* 492 Fed. Appx. 315, 333 (4th CCA 2012) ("To reiterate, Virginia has recognized only one exception to the rule that an order of *nolle prosequi* permits a malicious prosecution claim to go forward, namely cases where the order was entered as a result

of an agreement between the government and the defendant. See, e.g., *Orndorff v. Bond.....Snyder v. City of Alexandria.....*")

Newman in a December 10, 2021 email to the Plaintiffs then three criminal defense counsel of Kilduff, Whaley and Elides to Hartnett and her counsel, advised that he was going to "take a nolle prosequi" the Plaintiff's pending criminal indictments on January 6, 2022, conditioned on their completion of anger management classes and the payment of the DCJS Victim-Witness program which paid the Defendants medical bills. See attached email Ex. "A" and "B".

Newman, in his deposition on July 23, 2024, stated under oath that the Defendants did in fact complete their anger management courses as he saw the "certificate of completion." See Ex "C", Newman Dep, p. 21, line 6-18.

Further, Charles Hardenbergh testified in his deposition on March 26, 2024, that "to the best of (his) knowledge" the DCJS Victim-Witness medical bill for Hartnett was paid (by the Defendants.) See Ex D, CVH Dep, p. 193, lines 3-14.

As a result of the Defendants voluntarily meeting the terms and condition set by Newman in his email of December 10, 2021, he proceeded on January 6, 2022 to move the Petersburg Circuit Court to *nolle prosequi* all the criminal charges against the Defendants which the Court granted from the bench as reflected in its Order of January 20, 2022.

## CONCLUSION

Accordingly, the evidence is undisputed that the Defendants voluntarily compromised the ending of their criminal proceeding by an agreement between them and the government to the *nolle prosequi* of their criminal charges based on their completing their anger management courses and paying the DCJS's Victim- Witness medical bill for the Defendant.

As such and supported by the cited facts and case law, this voluntary compromise by the Defendants with the government, bars their current Counter-Complaint action against Hartnett for all their claims of malicious prosecution, and Hartnett's Motion for Summary Judgment must be granted.

Respectfully submitted,

PAMELA K. HARTNETT

By: _____/s/_____
James B. Thorsen, Esq.
VSB No. 18113
THORSENALLEN LLP
5413 Patterson Avenue, Suite 201
P.O. Box 17094
Richmond, Virginia 23226
Telephone: (804) 447-7234
Facsimile: (804) 447-7813
E-mail: jthorsen@thorsenallen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2024, I served a copy of the foregoing Motion for Summary Judgment on the following *via* the CM/ECF system to:

Thomas K. Plofchan, Jr., Esquire
VSB No. 34536
46175 Westlake Drive, Suite 320
Potomac Falls, VA 20165
Telephone: (703) 406-7616
Facsimile: (703) 444-9498
Email: tplofchan@westlakelegal.com

Wyatt B. Durrette, Jr., Esquire
VSB No. 04719
Kevin J. Funk, Esquire
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219

Telephone: (804) 775-6900
Facsimile: (804) 775-6911
Email: wdurrette@dagglaw.com
       kfunk@dagglaw.com

                                      /s/
                          James B. Thorsen, Esq.
                          VSB No. 18113
                          Attorney for Plaintiff
                          THORSENALLEN LLP
                          5413 Patterson Avenue, Suite 201
                          P.O. Box 17094
                          Richmond, Virginia 23226
                          Telephone: (804) 447-7234
                          Facsimile: (804) 447-7813
                          E-mail: jthorsen@thorsenallen.com