IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA K. HARTNETT,
    Plaintiff,

v.                                                                                    Civil Action No. 3:23-cv-00017

CHARLES V. HARDENBERGH, *et al.*,
    Defendants.

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants, Charles V. Hardenbergh ("Mr. Hardenbergh") and Mari Hardenbergh, ("Mrs. Hardenbergh") by and through their counsel, and moves this Honorable Court to DENY Plaintiff's request for Partial Summary Judgment. In support thereof, Defendants state as follows:

### SUMMARY

There are material facts in dispute, and as such Hartnett is not entitled to summary judgment as a matter of law. The Hardenberghs' Complaint for Malicious Prosecution identifies six counts relating to three separate acts of malicious prosecution against each of the Hardenberghs, one of which arose on November 18, 2019, one on December 16, 2019, and one on December 12, 2021. With regard to all six of the counts, there is no accord and satisfaction, agreement, or plea bargain with regards to the *nolle prosequi* of the criminal cases against Defendants, much less the consent of the alleged victim, Hartnett, who objected to the dismissal of the charges. ECF Doc. 304  There was no waiver of any future claim of malicious prosecution. No

plea agreement was presented to the Court in exchange for the dismissal of the charges. The prosecutor exercised his absolute right and unfettered discretion to *nolle prosequi* the charges every time. Hartnett's motion fails because the *nolle prosequi* taken by the Commonwealth's Attorney is not subject to the narrow exception as presented in Hartnett's cited case law. The motion for partial summary judgment should be denied.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

1. Summary judgment is appropriate only when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to show that there are no material facts in dispute, and that he or she is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 312 (1986).

2. Subsequently, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

3. Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

4. The moving party is "entitled to judgment as a matter of law" only when the nonmoving party fails to make an adequate showing on an essential element for

which it has the burden of proof at trial. See *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999).

    5.    While a trial court may appropriately grant summary judgment where no material facts are genuinely in dispute, the decision to grant summary judgment is a drastic remedy and, in evaluating a claim for summary judgment, the Court must accept as true all facts and inferences from the facts that are most favorable to the non-moving party, unless those inferences are forced, strained, or contrary to reason. *See Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 136 (2001); *Slone v. General Motors Corp.*, 249 Va. 520, 522 (1995).

    6.    For summary judgment purposes, [the Court's] review is limited to the record for determination whether reasonable persons could differ regarding a genuine issue of material fact." *Hansen v. Stanley Martin Cos.*, 266 Va. 345, 353 (2003). "In such circumstance, summary judgment does not lie since the issue is properly one for the resolution by the trier of fact upon the taking of evidence." *Id.* at 354.

## ARGUMENT

Hartnett does not make any argument that there are no material facts in dispute. Hartnett also does not address any of the six counts on an individual basis. Instead, Hartnett's argument that she is entitled to judgment as a matter of law is based entirely on the Virginia rule, as articulated in *Orndorff v. Bond*, 185 Va. 497 (1946), that when a *nolle prosequi* order is entered as a result of a voluntary agreement or compromise between the government, <u>and</u> the defendant, <u>and</u> the Court <u>and</u> alleged victim accept such agreement, a claim for malicious prosecution cannot

3

stand. This rule is codified in Va. Code § 19.2-151.[1] However, not only is Hartnett's argument not remotely applicable to Counts 1,2, 4,and 5, as there is no allegation of any action taken by the Hardenberghs to obtain dismissal, regarding Counts 3 and 6 associated with the malicious prosecution action that arose on December 12, 2021, Hartnett misstates and incorrectly applies the rule established in *Orndorff*.

Hartnett asserts that any agreement between the government and the defendant bars a claim of malicious prosecution, ECF 304 at 6, but this position expands the limited nature of the rule established in *Orndorff* and Va. Code § 19.2-151. In *Orndorff,* the Court held that no malicious prosecution action could lie when the <u>parties</u> agreed that the plaintiff had settled and compromised the criminal warrant upon the advice of his own attorney, <u>and</u> with the consent of the alleged victim, <u>and</u> with the agreement of the Commonwealth's attorney, <u>and</u> the approval of the Court which dismissed the warrant. *Id.* at 501-503. Indeed, *Orndorff* stands for the proposition that defeat of a recovery in a subsequent action for malicious prosecution is predicated on the "aggrieved party receiving satisfaction, appearing before a justice, and the warrant being dismissed." *Id.* at 502.

Here, it is undisputed that Hartnett did not enter into an agreement pursuant to *Orndorff* or Virginia Code § 19.2-151 to civilly settle the matter between herself and the Hardenberghs. Notably, adopting the standard set forth in *Orndorff*, Virginia Code § 19.2-151 specifically requires the alleged victim to appear before the court *and*

---

[1] *Orndorff* relies on, and interprets Virginia Code, sec. 4849 (Michie) 1942, and Code, 1887, Sec. 3973, which were earlier codifications of Va. Code § 19.2-151. *See Orndorff, supra*, at 501; *Glidewell v. Murray-Lacy & Co.*, 124 Va. 563, 573 (1919).

*acknowledge in writing* that she has received satisfaction for any injury. Hartnett did not approve the prosecutor's exercise of its discretion in dismissing the charge, nor did she appear before the court or acknowledge in writing that she was satisfied. Had she done so, she would be entitled to the benefit of the *Orndorff* rule as codified in Virginia Code § 19.2-151. Absent Hartnett's satisfaction and written acknowledgment thereof, *Orndorff* is inapplicable.

Hartnett's argument ignores the important facts that she did not approve any of the three *nolle prosequii* and that the Hardenberghs were never ordered by any court to complete anger management classes as contemplated in Mr. Newman's email of December 10, 2021. Instead, Hartnett acknowledges that she objected to the *nolle prosequi* at the January 20, 2022 hearing. ECF Doc. 304 at 6.

Additionally, the Hardenberghs allege there was no written agreement between the prosecutor and the Hardenberghs to dismiss the matter, and certainly there was no agreement that was approved and accepted by the Court. No prosecutor informed any Court that its decision to dismiss the matter was predicated on the Hardenberghs' compliance with a precondition, which was then accepted by the Court and Hartnett. There is no evidence that the Hardenberghs completed anger management classes as consideration for, or in conjunction with, any agreement to terminate the charges against them and that such termination was approved by Hartnett. There is a genuine issue of material fact that remains in dispute, such that Hartnett is not entitled to judgment as a matter of law. See *Renner v. Stafford*, 245 Va. 351 (1993).

5

Further, absent a written plea agreement, discussions between prosecutors and defendants may involve a defendant taking action to provide assurance to the prosecutor that the community's concerns are eliminated. However, absent a written plea, a prosecutor is not bound to dismiss a charge if a defendant provides those assurances. Rule 3A:8(c)(2) of the Rules of the Supreme Court of Virginia requires that all plea agreements for felonies, in order to be binding, must be reduced to writing, signed by the attorney for the Commonwealth, the defendant, and his attorney and presented to the Court. Rule. 3A:8(c)(2). Absent a writing, there can be no agreement that would trigger the rule in *Orndorff*.

In a Virginia Supreme Court case considering a claim of malicious prosecution on summary judgment, the Court found in *Andrews v. Ring*, 266 Va. 311, 325 (2003) that

> Ring alleges that such a compromise was reached in the General District Court of Grayson County when the *nolle prosequi* was entered in the underlying criminal matters. Andrews and Cox say that no agreement was reached. It is undisputed that a *nolle prosequi* was entered. Why it was entered and whether it was the result of a compromise cannot be determined by summary judgment on this record.

*Id*. at 325.

The prosecutor's election to *nolle prosequi* the criminal charges on January 20, 2022 was just that---his election, or unfettered right to dismiss the charges against the Hardenberghs. There is no written agreement between the Hardenberghs and the prosecutor, which was accepted by Hartnett and the Court, that would invoke *Orndorff* or Virginia Code § 19.2-151.

Further, Hartnett's citation of other case law applying *Orndorff* does not expand the standard. In *Snyder v. City of Alexandria*, the referenced footnote specifically cites to, and incorporates the holding in *Orndorff*, which, as set forth above, requires approval of, and satisfaction of, the alleged victim. 870 F. Supp. 672, n. 17 (E.D.Va 1994). As mentioned above, in *Andrews v. Ring, supra*, as there was no written agreement between the parties, the record was insufficient to establish the application of the *Orndorff* rule.

Hartnett's recitation of *Bennett v. R & L Carriers Shared Services, LLC*, 492 Fed. Appx. 315 (2012) also provides no support for her position. In *Bennett*, the issue was whether the district court erred in ruling that a *nolle prosequi* entry for a criminal charge is an outcome "not unfavorable to the plaintiff" in a malicious prosecution action. The Appellant argued that the plaintiff had an affirmative burden to show that the *nolle prosequi* was entered for reasons that imply innocence. The Fourth Circuit affirmed, stating that in the context of a malicious prosecution case, the entry of a *nolle prosequi*, "in and of itself, evidences the Commonwealth's unwillingness to proceed with the prosecution." 492 Fed. Appx. 315, 332 (2012).

In its discussion, as *dicta*, the Fourth Circuit stated that "Virginia has recognized only one exception to the rule that an order of *nolle prosequi* permits a malicious prosecution claim to go forward, namely cases where the order was entered as a result of an agreement between the government and defendant. See, e.g., *Orndorff v. Bond*, 185 Va. 497, 39 S.E.2d 352 (Va. 1946); *Snyder v. City of Alexandria*, 870 F. Supp. 672 (E.D. Va. 1994)." *Bennett v. R&L Carriers Shared Servs., LLC*, 492

F. App'x at 333. However, no further discussion on the limits of *Orndorff* was made and no mention was made of *Orndorff's* reference to the statutory requirements of accord and satisfaction, or the need for a written agreement, or the consent of the alleged victim, or the need for the alleged victim to have received satisfaction. Given that both *Orndorff* and *Snyder* were cited without elaboration, it is presumed that the entirety of those cases are incorporated within the citation. No unstated new limitation of the *Orndorff* rule can be inferred. Moreover, while there are material facts in dispute, it is also clear that relying only on the facts that are not in dispute, Harnett is not entitled to partial summary judgment. She opposed, not approved the Commonwealth's decision; obviously there was no written agreement; and thus no agreement to be approved by the Court.

## **CONCLUSION**

WHEREFORE, as there is no assertion of the absence of a dispute as to material facts, there is no claim to invoking the Orndorff rule with regard to Counts 1, 2, 4, and 5, and there is no evidence that the Hardenberghs have taken any action that would invoke the rule in *Orndorff* or Virginia Code § 19.2-151 regarding Counts 3 and 6, the malicious prosecution actions are not barred, and Hartnett's Motion for partial summary judgment should be denied.

                                              Respectfully submitted,
                                              CHARLES V. HARDENBERGH
                                              MARI HARDENBERGH
                                              By Counsel

WESTLAKE LEGAL GROUP

*/s/ Thomas K. Plofchan, Jr.*
Thomas K. Plofchan, Jr., VSB No. 34536
46175 Westlake Drive, Suite 320
Potomac Falls, VA 20165
(703) 406-7616 – Telephone
(703) 444-9498 – Facsimile
Email: tplofchan@westlakelegal.com
*Counsel for Defendant Mari Hardenbergh*


*/s/Kevin J. Funk.*
Wyatt B. Durrette, Jr., Esquire (VSB No. 04719)
Kevin J. Funk, Esquire (VSB No. 65465)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street,16th Floor
Richmond, Virginia 23219
Tel:  804-775-6900
Fax:  804-775-6911
wdurrette@dagglaw.com
kfunk@dagglaw.com
*Counsel for Defendant Charles V. Hardenbergh*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2024, I served a copy of the foregoing upon the following via email to:

> James B. Thorsen, Esq.
> THORSENALLEN LLP
> 5413 Patterson Avenue, Suite 201
> P.O. Box 17094
> Richmond, Virginia 23226
> Fax:  804-447-7813
> Email:  jthorsen@thorsenallen.com


> */s/ Thomas K. Plofchan, Jr.*
> Thomas K. Plofchan, Jr.