# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-17–HEH |
| ) | |
| CHARLES VANEVERA ) | |
| HARDENBERGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
### (Denying Motions for Reconsideration)

THIS MATTER is before the Court on Defendant Charles Vanevera Hardenbergh's ("Charles Hardenbergh") Limited Motion for Reconsideration (the "Hardenbergh Motion," ECF No. 220), filed on June 11, 2024, and Richard K. Newman's ("Newman") Motion to Reconsider a Portion of the June 7, 2024 Ruling on Richard K. Newman, Esquire's Motion to Quash (the "Newman Motion," ECF No. 222) (collectively, the "Motions"), filed on June 13, 2024. Charles Hardenbergh requests that this Court reconsider its finding that Plaintiff Pamela K. Hartnett's ("Plaintiff") disclosed expert witnesses, Dr. James E. Sellman ("Dr. Sellman") and Pam Stacey ("Stacey"), are treating physicians, rather than experts retained for trial. (Hardenbergh Mot. at 1; *see* Mem. Op. at 5, ECF No. 216.) Newman argues that this Court should reconsider its finding that Plaintiff may depose Newman and ask Newman about Defendants Charles Hardenbergh's and Mari Liza Hardenbergh's ("Mari Hardenbergh") (collectively,

"Defendants") completion of anger management classes. (Newman Mot. at 1; *see* Mem. Op. at 11.)

The movants have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. VA. LOC. R. 7(J). For the following reasons, the Court will deny the Motions.

## I. BACKGROUND

Plaintiff's claims primarily center around an alleged assault and battery and abduction committed by Defendants that occurred from July 20–25, 2019.[1] (Am. Compl. ¶¶ 24–57, ECF No. 9.) Plaintiff reported Defendants' actions to the Petersburg Police Department on July 25, 2019. (*Id.* ¶ 58.) The Petersburg police obtained criminal warrants against Defendants, Plaintiff obtained an emergency protective order, and Plaintiff filed a criminal complaint against Defendants. (*Id.* ¶¶ 58–59.) Newman, the Commonwealth's Attorney for the City of Hopewell, was appointed as special prosecutor due to a conflict of interest with the Petersburg Commonwealth's Attorney's Office, and a grand jury ultimately indicted Defendants on multiple charges. (*Id.* ¶¶ 60, 63.) Newman investigated the charges against Defendants and informed Plaintiff that he would move to dismiss Defendants' charges if they completed court-ordered anger management classes. (*Id.* ¶¶ 65–66.) Newman moved to dismiss the charges against

---

[1] This case is multifaceted, involving various claims made by the parties, conflicting factual narratives, and events that occurred over the course of four (4) years. The Court will only recite those facts which are relevant to the Motions at hand.

2

Defendants, and they were dismissed on January 20, 2022. (*Id.* ¶¶ 66–67.) Defendants obtained an expungement order for the dismissed criminal charges on or about November 3, 2022. (Pl.'s Br. in Supp. of Mot. to Compel Disc. at 2 n.1, ECF No. 65.)

On February 17, 2023, Plaintiff filed an Amended Complaint, bringing the following counts against Defendants: Assault and Battery (Count I); Defamation (Count II); Negligence, Gross Negligence, and/or Willful and Wanton Negligence (Count III); Trespass (Count IV); and Malicious Prosecution – Criminal and Civil (Count V). (Am. Compl. ¶¶ 88–139.) In response, Defendants bring a counterclaim raising six (6) counts of malicious prosecution against Plaintiff. (Am. Answer ¶¶ 220–61, ECF No. 39.)

On March 11, 2024, Defendants filed a Motion to Strike Plaintiff's Expert Disclosure (the "Motion to Strike," ECF No. 136). On March 14, 2024, Newman filed a Motion to Quash Deposition and Accompanying Document Production Request (the "Motion to Quash," ECF No. 146). The Court heard oral argument on May 29, 2024, and ruled on these motions in its June 7, 2024 Memorandum Opinion (ECF No. 216) and accompanying Order (ECF No. 217). The Court granted in part and denied in part the Motion to Strike, finding that Plaintiff's expert witnesses, Dr. Sellman and Stacey, were treating physicians. (Mem. Op. at 5, 11.) Charles Hardenbergh now asks the Court to reconsider this finding. (Hardenbergh Mot. at 1.) The Court also granted in part and denied in part Newman's Motion to Quash, holding that the work product privilege does not immunize Newman from deposition on the topic of Defendants' completion or lack thereof of anger management therapy. (Mem. Op. at 11.) Newman now asks the Court to reconsider this holding. (Newman Mot. at 1.)

3

## II. LEGAL STANDARD

Sections (1) through (5) of Federal Rule of Civil Procedure 60(b) contain justifications for a court to amend an order or judgment. FED. R. CIV. P. 60(b)(1)–(5). Specifically, under Rule 60(b)(1), a movant may request that a court reconsider a judgment if the original judgment was predicated on a mistake of fact or law. *Kemp v. United States*, 596 U.S. 528, 534 (2022). "The rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal." *Bradley v. United States*, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999), *aff'd*, 182 F.3d 910 (4th Cir. 1999) (internal quotations and citation omitted).

If none of the grounds for relief outlined in Rule 60(b)(1) through (5) are present, Rule 60(b)(6) allows a court to amend an order for "any other reason that justifies relief." Rule 60(b)(6); *Kemp*, 596 U.S. at 533. Rule 60(b)(6) provides extraordinary relief and is only to be invoked upon a showing of exceptional circumstances. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990). "Where the motion is nothing more than a request that the district court change its mind [], it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). "The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citation omitted).

## III. ANALYSIS

### A. The Hardenbergh Motion

Charles Hardenbergh argues that the Court was mistaken under Rule 60(b)(1) in finding that Dr. Sellman and Stacey were chosen by Plaintiff for medical reasons.

(Hardenbergh's Mem. in Supp. at 1–2.) He claims that Dr. Sellman and Stacey were instead retained by Plaintiff for their expert opinions and that they "should not be allowed to escape the more stringent disclosure requirement" under Rule 26(a)(2)(B). (*Id.* at 2.) Specifically, he asserts that Plaintiff's treatment records prove that the Court erred in finding that Plaintiff's counsel did not refer Plaintiff to Dr. Sellman and Stacey. (*Id.* at 2.) Thus, he argues that the referral creates a presumption against Dr. Sellman and Stacey being treating physicians, which Plaintiff failed to overcome. (*Id.*)

"The federal rules require that the disclosure of an expert witness 'must be accompanied by a written report—prepared and signed by the witness—if the witness is one *retained or specially employed* to provide expert testimony in the case. . . .'" *Perkins v. United States*, 626 F. Supp. 2d 587, 590 (E.D. Va. 2009) (emphasis in original) (quoting Rule 26(a)(2)(B)). The issue here is whether Dr. Sellman and Stacey were "retained or specially employed to provide expert testimony in the case," or whether one or both were, for example, a treating physician who does not have to meet the requirements under Rule 26(a)(2)(B). *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995).

The Court found that Dr. Sellman and Stacey were treating physicians that were not retained specifically for expert testimony in this case and were not required to satisfy Rule 26(a)(2)(B).[2] (Mem. Op. at 5.) The Court noted that "Plaintiff's attorney

---

[2] While the Court found that Dr. Sellman and Stacey were "treating physicians" in its Memorandum Opinion (*see* Mem. Op. at 5), upon further review of the voluminous record in this case, the Court has determined that Stacey is a retired licensed clinical therapist who previously worked with Dr. Sellman and treated Plaintiff. (Defs.' Br. in Supp. of Mot. to Strike, ECF No. 137, Ex. 1 at 2.) In his Limited Motion for Reconsideration, Charles Hardenbergh does not contest the Court's characterization of Stacey being a "treating physician." (Hardenbergh's

represented that none of the designated experts were retained for trial." (*Id.* at 5.) The Court also found that Dr. Sellman's and Stacey's notes did "not indicate the Plaintiff's attorney referred her to these physicians." (*Id.* at 4.) However, Charles Hardenbergh correctly points out that, in one of Dr. Sellman's treatment notes for Plaintiff, Dr. Sellman wrote "Ann Reardon/Jim Thorsen" on the "Referred by" line. (Ex. C at 2, ECF No. 138.)[3]

Even if Plaintiff's counsel referred her to Dr. Sellman and Stacey, the Court's analysis remains unchanged. Plaintiff has shown that the presumption created by any such referral is overcome for several reasons. Most notably, Plaintiff began treatment in 2019, shortly after the alleged assault and *over three (3) years* before the filing of the present suit. (Mem. Op. at 5 n.2.) Such a substantial passage of time negates the presumption that the referral was done in preparation of trial. Additionally, the providers' notes cover regular meetings over four (4) years. (*See* Ex. C.) This is very different from an evaluation or report prepared by a physician for the purposes of trial. Finally, Plaintiff's counsel represented that the experts at issue were not retained for trial. (Mem. Op. at 5; Pl.'s Resp. in Opp'n at 3, ECF No. 242.) Under these circumstances, Charles Hardenbergh has not shown that the Court must reverse its earlier decision and conclude that Dr. Sellman or Stacey were specifically retained by Plaintiff for their expert

---

Mem. in Supp. at 1–2, ECF No. 221.) The issue before the Court as to Stacey is whether the original reason Plaintiff retained her was to provide expert testimony in this case.

[3] When citing to the parties' exhibits, the Court employs the pagination assigned by the CM/ECF docketing system.

6

opinions. Accordingly, the Hardenbergh Motion will be denied because the Court did not err in its disposition of the Motion to Strike.

### B. The Newman Motion

Newman provides no legal basis for his request that the Court reconsider its disposition of the Motion to Quash. (*See* Newman Mem. in Supp., ECF No. 223.) Newman's Motion merely restates the previous arguments that he made in support of his Motion to Quash. (*See id.*) For this reason alone, reconsideration is not appropriate. *See Truth Techs., Inc. v. Arnold*, No. 1:17-cv-833, 2017 WL 11501502, at *1 (E.D. Va. Nov. 21, 2017) ("Reconsideration is not justified where a party merely attempts to put a finer point on his old arguments and dicker about matters decided adversely to him.") (internal quotations and citation omitted).

Even if the Court were to read his Motion liberally as asserting that the Court made a mistake of law under Rule 60(b)(1), it would still fail. The Court held that Newman's knowledge of whether Defendants completed anger management classes is not privileged. (Mem. Op. at 10–11.) The Court is not persuaded by Newman's argument that such knowledge "gets into his decision to resolve the case" and therefore constitutes protected work product because it would reveal his mental impressions relating to his decision not to prosecute Defendants. (Newman Mem. in Supp. at 2.) Beyond written documents or other tangible things, the work product doctrine only protects mental impressions, conclusions, or opinions. *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D. W. Va. 1995). Newman's knowledge of whether Defendants completed anger management courses is not a mental impression, conclusion, or opinion;

7

thus, it is not work product. Newman can be deposed on his knowledge of such facts, despite his status as a prosecutor. *See Hall v. Putnam Cnty. Comm'n*, No. 3:22-cv-277, 2023 WL 8006417, at *1 (S.D. W. Va. Nov. 17, 2023). Furthermore, nothing in the Court's Order or Opinion precludes Newman from asserting work product protection if he is asked about his legitimately protected legal conclusions. (*See* Order; Mem. Op.) Accordingly, the Newman Motion will be denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny the Motions (ECF Nos. 220, 222). An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 6, 2024
Richmond, Virginia