IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PAMELA K. HARTNETT,     )
             )
   Plaintiff,      )
             )
v.            )   Civil Action No. 3:23-cv-17–HEH
             )   **REDACTED**
CHARLES VANEVERA    )
HARDENBERGH, *et al.*,    )
             )
   Defendants.     )

## <u>MEMORANDUM OPINION</u>
### (Resolving Pending Motions)

THIS MATTER is before the Court on Plaintiff Pamela K. Hartnett's ("Plaintiff")

Motion to Quash (ECF No. 267), Mari Liza Hardenbergh's ("Mari") Motion to Continue

(ECF No. 279), her Motion to Extend Discovery Deadlines ("Motion to Extend

Discovery," ECF No. 281), and her three (3) Motions to Compel (ECF Nos. 283, 285,

287). Also before the Court in this matter is Defendant Charles Vanevera Hardenbergh's

("Charles") Motion to Exclude Evidence of Certain Claimed Medical Expenses for

Violation of FRCP 37 (ECF No. 292), and Charles and Mari's (collectively,

"Defendants") Motion for Extension of Time to File their Motions for Summary

Judgment ("Motion to Extend Summary Judgment Deadline," ECF No. 290). The parties

have filed memoranda supporting their respective positions, and the Court heard oral

argument on September 12, 2024. (Minute Entry, ECF No. 322.) The Court ruled on the

motions from the bench, and the rationale supporting those rulings is further articulated in

this Memorandum Opinion.

## I. BACKGROUND

As the Court has recited in previous Opinions, this case arises from Plaintiff's allegations that between July 20 and July 25, 2019, she suffered assault and battery and abduction at the hands of the Defendants. (Mem. Op., ECF No. 40; Mem. Op., ECF No. 316.) Defendants brought counterclaims of malicious prosecution against Plaintiff. (ECF No. 44.) Plaintiff first filed this case on January 5, 2023, and during the ensuing twenty-two (22) months, the parties have generated a perpetual flow of discovery disputes that they have been unable to resolve on their own. The Court recounts only those items of the procedural and factual record that are relevant to the motions presently before the Court.

In 2019, shortly after the alleged assault, Plaintiff began treatment with James E. Sellman, M.D. (Mem. Op. at 4–5, ECF No. 216.) On November 8, 2023, the Defendants served a subpoena *duces tecum* ("SDT") on Dr. Sellman's office. (Mari's Mem. in Supp. of Mot. to Compel SDT at 6–12, ECF No. 286.) The SDT demanded production of "[a]ny and all medical records, documents and things, in paper, electronic or other non-paper form, pertaining to any and all treatment rendered to Pamela K. Hartnett . . . from January 1, 2018 through present. . . ." (*Id.* at 9.) The SDT clarified that the term "medical records" includes, among other things, photographs, telephone messages, and correspondence. (*Id.* at 9–10.) On July 16, 2024, counsel for Mari served a second SDT on Dr. Sellman's office. (*Id.* at 20–21.) This second SDT was virtually identical to the first, but it also demanded attorney engagement letters and any videos, text messages, and recordings related to Plaintiff. (*Id.* at 6–12, 20–21.) On July 17, 2024, Plaintiff filed a

2

Motion to Quash SDT Issued to Dr. James E. Sellman.  (ECF No. 267.)  Mari later filed a Motion to Compel Production of Medical Records and to Overrule Plaintiff's Motion to Quash ("Motion to Compel SDT," ECF No. 285) arguing that Dr. Sellman should be ordered to comply with both SDTs.

The Court scheduled a jury trial in this case to begin on October 28, 2024.  (ECF No. 214.)  Pursuant to the Court's Scheduling Order (ECF No. 30-1), the discovery cutoff date was set for 80 days before trial—August 9, 2024.

On July 19, 2024, Plaintiff provided her Fourth Supplemental Responses to discovery requests.  (Pl.'s Mem. in Opp'n to Mot. to Extend at 1–2, ECF No. 299.) Plaintiff provided her Fifth Supplemental Responses two weeks later, on August 2, 2024. (*Id.*)  In these responses, Plaintiff specifically identified fifteen (15) police officers and four (4) other individuals who likely knew information about the case.  (Mari's Mem. in Supp. of Mot. to Extend Discovery at 1–3, ECF No. 280.)  In addition, three weeks prior to the close of discovery, Plaintiff identified Dr. Sakib Shaw, an Emergency Room Physician who treated her injuries on July 27, 2019.  (*Id.*)  Plaintiff also produced or identified over 500 documents that had not been previously identified.  (*Id.* at 2–3.) Some of the information and documents provided in these responses included items "produced to the Plaintiff from the Defendant's SDT to Anthem and other medical providers."  (Pl.' Mem. in Opp'n to Mot. to Extend at 1–2.)  With respect to the other documents, Plaintiff had "just recently discovered [them] in a moving box stored at her prior home in Petersburg, Virginia."  (*Id.* at 3.)

Other items revealed by these responses included 119 new medical records and a new dollar amount for medical damages. (Mari's Mem. in Supp. of Mot. to Extend Discovery at 2–3.) For example, Plaintiff previously stated during discovery that she has incurred and continues to incur medical bills, and she referenced documents that contained evidence of medical expenses that total at least $19,082.00. (Charles's Mem. in Supp. of Mot. to Exclude, ECF No. 293 at 2–3.) ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

On the day of the discovery cutoff, August 9, 2024, Mari filed five (5) motions. These included a Motion to Extend Discovery (ECF No. 281) and a Motion to Continue ("Motion to Continue Trial," ECF No. 279). In support of her Motion to Extend Discovery, Mari argued, "The late production of these documents has denied Mrs. Hardenberg [Mari] the opportunity to fully prepare and engage in discovery." (Mari's Mem. in Supp. of Mot. to Compel at 4, ECF No. 282.) Mari also filed three (3) Motions to Compel. Mari later withdrew the first one during the hearing on September 12, 2024. (Mari's Mot. to Compel, ECF No. 283; Minute Entry at 2.) The second Motion to Compel is the one discussed above that sought to require Dr. Sellman to comply with two SDTs. (Mari's Mot. to Compel SDT, ECF No. 285). The third Motion to Compel sought a second deposition of Plaintiff to question her about newly discovered evidence. (Mari's

4

Mot. to Compel, ECF No. 287.)  Several days later, on August 13, 2024, Charles filed a

Motion to Exclude Evidence of Certain Claimed Medical Expenses for Violation of

FRCP 37 ("Motion to Exclude," ECF No. 292).  Charles argued that some of Plaintiff's

evidence about her medical expenses was produced late or near the discovery cutoff

deadline, that the evidence was inadequately identified, and that Charles is now unable to

fully investigate and adequately prepare for trial.  (Charles's Mem. in Supp. of Mot. to

Exclude at 4, ECF No. 293.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to make

comprehensive initial disclosures of information without awaiting a discovery request.

This initial disclosure includes information about individuals likely to have discoverable

information, copies or description by categories of documents that the party may use to

support its claims or defenses, a computation of each category of damages claimed by the

disclosing party, and any insurance agreements that may be applicable to satisfying a

money judgment if entered.  Fed. R. Civ. P. 26(a)(1)(A); *see Almubarak v. Shahin*, No.

1:19-CV-00358, 2021 WL 9860788, at *1 (E.D. Va. May 6, 2021).  Rule 26(e)(1)

requires that a "party who has made a disclosure under Rule 26(a)—or who has

responded to an interrogatory, request for production, or request for admission—must

supplement or correct its disclosure or response" in a timely manner if the disclosure is

incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A); *Almubarak*, 2021 WL 9860788, at

*1–2.  Rule 37(c)(1) states in relevant part, "If a party fails to provide information or

identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

A district court necessarily possesses broad discretion to manage pretrial discovery. *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023). The decision to grant or deny motions to compel discovery, to continue trial, or to exclude evidence as a discovery sanction rests within the discretion of the trial court. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014) (exclusion of evidence); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (control of discovery); *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993) (docket management). "A district court has 'wide latitude in controlling discovery, and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Mey*, 71 F.4th at 217 (alteration in original) (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)).

### III. ANALYSIS

#### A. Motions to Continue Trial, to Extend Discovery, and to Extend the Summary Judgment Deadline

Mari argued to the Court that the trial date and the period for discovery in this case should be extended given that Plaintiff provided voluminous supplemental discovery responses just several weeks before the close of discovery in August 2024. (Mari's Mem. in Supp. Mot. to Extend Discovery, ECF No. 282 at 1.) Mari emphasized that this case has been pending for more than a year, and that Initial Rule 26 disclosures were made by the Plaintiff on June 9, 2023. (*Id.*) Mari further argued, "Plaintiff has provided no

6

satisfactory explanation as to why she failed to disclose the alleged witnesses and documents earlier in discovery, and Defendant is prejudiced thereby." (Mari's Reply. in Supp. of Mot. to Extend Discovery, ECF No. 308 at 1–3.) Although Plaintiff argued that Defendant is attempting to "delay this trial as long as possible," (ECF No. 298 at 2–3), Mari pointed out that she "can not be expected to prepare a response to plaintiff's newly-disclosed information at the very end of discovery, and there is little ability for defendant to cure her surprise since the disclosure came right before the close of discovery." (Mari's Reply. in Supp. of Mot. to Extend Discovery at 2.)

As previously mentioned, the information provided in Plaintiff's final supplemental responses was voluminous, and it included hundreds of documents and information on over a dozen individuals that had not previously been identified as witnesses. In addition, the new discovery material produced by Plaintiff included a new, specific demand for over $400,000.00 in medical damages. Finally, the information was provided in a manner which prevented Mari from effectively reviewing the responses within the set time for discovery. Consequently, the Court ruled from the bench that Mari's Motion to Continue (ECF No. 279) and Motion to Extend Discovery (ECF No. 281) would be granted. (Minute Entry at 2.) The Court continued the trial date and extended the period for discovery—but limited discovery to new matters only. (*Id.*) After conferring with the parties, the Court scheduled a five-day jury trial to begin on February 10, 2025. Given all this, the Court also stated that the Defendants' Motion to Extend Summary Judgment Deadline would be granted. (ECF No. 290.) The Court ruled that the parties would be permitted to file—or to withdraw and refile—their

7

motions for summary judgment on or before November 8, 2024. (Minute Entry at 2.) The deadline for responses was set for on or before November 25, 2024, and the deadline for replies was set for on or before December 2, 2024. (*Id.*)

### B. Motions Regarding Dr. Sellman

In her memoranda and at oral argument before the Court, Mari argued that Dr. Sellman's office was not producing medical records, photographs, and video pursuant to two subpoenas *duces tecum*. (Mari's Mem. in Supp. of Mot. to Compel SDT at 1–5.) Plaintiff represented to the Court that Dr. Sellman's office already produced all records pursuant to those subpoenas. During the hearing on September 12, 2024, the Court stated that it would direct Dr. Sellman's office to respond succinctly whether he has documents pursuant to Defendants' subpoenas.

After oral argument, on October 4, 2024, Plaintiff filed a "Notice of Compliance to Court's Request," stating that Dr. Sellman's office responded to Mari's subpoena. (ECF No. 330 at 1.) Attached to the filing as "Exhibit A" was a letter signed by James E. Sellman, M.D., attesting that he has responded to all the subpoenas *duces tecum* from the Defendants. (*Id.* at 4.) Consequently, given the representations by counsel, and given Dr. Sellman's response, both motions regarding the subpoenas *duces tecum* for Dr. Sellman will be denied as moot. (ECF Nos. 267, 285.)

### C. Motion to Depose Plaintiff

Under Rule 30(d)(1), "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The Court must allow additional time if such time is needed to fairly examine the deponent. *Id.*

Mari argued that after Plaintiff's first deposition on April 9, 2024, Mari received discovery responses and information about Plaintiff's email account and electronic devices that apparently contradicts the testimony in Plaintiff's first deposition. (Mari's Mem. in Supp. of Mot. to Compel Deposition at 1–2, ECF No. 288). At the hearing on September 12, 2024, Mari argued that this new material included yahoo emails, social media messages, and cell phone text messages. Given this new information, Mari moved to compel Plaintiff to undergo a new deposition on the newly discovered information. (*Id.* at 1–2.) Plaintiff argued that Defendants already conducted a deposition of Plaintiff on April 9, 2024, and that under Rule 30, Mari is only entitled to one (1) deposition of Plaintiff. (Pl.'s Mem. in Opp'n Mot. to Compel Deposition at 2–3, ECF No. 302.) Given the amount and type of discovery material produced by Plaintiff after she was deposed on April 9, 2024, the Court ruled from the bench that Mari's motion for a second deposition of Plaintiff (ECF No. 287) would be granted to allow Mari to depose Plaintiff for one (1) hour on material that had not been produced by the time of the first deposition. (Minute Entry at 2.)

### D. Charles's Motion to Exclude Certain Medical Evidence

On August 13, 2024, Charles filed his Motion to Exclude Evidence of Certain Claimed Medical Expenses for Violation of FRCP 37 ("Motion to Exclude Evidence," ECF No. 292). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Based on the record and arguments present in this case, the Court cannot say that Plaintiff has failed to

meet the disclosure requirements to the extent that her medical evidence should be excluded. Consequently, the Court ruled from the bench that Charles's motion to exclude certain portions of Plaintiff's medical evidence (ECF No. 292) will be denied at this stage.

## IV. CONCLUSION

For the aforementioned reasons, the Court ruled that the Motion to Continue Trial (ECF No. 279), the Motion to Extend Discovery (ECF No. 281), and the Motion to Extend Summary Judgment Deadline (ECF No. 290) would be granted. The Court ruled that the Motion to Compel seeking a second deposition of Plaintiff (ECF No. 287) would be granted in part so that Mari could depose Plaintiff for one (1) hour on newly discovered evidence. Furthermore, the Court ruled that Charles's Motion to Exclude (ECF No. 292) would be denied at this stage. Given Dr. Sellman's response to the SDTs, Plaintiff's Motion to Quash (ECF No. 267) and Mari's Motion to Compel to enforce the SDTs (ECF No. 285) will be denied as moot. Finally, given that Mari requested to withdraw her first Motion to Compel (ECF No. 283) during the hearing on September 12, 2024, the Court will deem that motion withdrawn.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Nov. 4, 2024
Richmond, Virginia