# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:23-cv-00017 |
| | ) |
| CHARLES VANEVERA HARDENBERGH, | ) |
| *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT CHARLES VANEVERA HARDENBERGH'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE CLAIM OF MALICIOUS PROSECUTION

COMES NOW the Defendant, Charles Vanevera Hardenbergh, ("Van" or "Mr. Hardenbergh") by counsel, and in consideration of the arguments presented herein, hereby moves this Honorable Court to grant Summary Judgment with regard to Count V of the Amended Complaint for Malicious Prosecution Civil and Criminal as it pertains to Mr. Hardenbergh, and to dismiss the Count with prejudice as to Mr. Hardenbergh. In support thereof, Mr. Hardenbergh states as follows:

## FACTUAL SUMMARY

1.    In Count V of the Plaintiff's Amended Complaint, as stated in Paragraphs 75-82 and Paragraphs 125-139, Hartnett asserts certain allegations regarding several claims of criminal malicious prosecution based on criminal complaints filed by Mr. Hardenbergh in Chesterfield County for conspiracy and trespass against Hartnett. ECF Doc. No. 9, Para. 76. Hartnett also alleges a claim of civil malicious prosecution against Mr. Hardenbergh for his seeking a protective order against Hartnett. ECF Doc. No. 9, Para. 79.

2. The petition for a protective order was attached to the Amended Complaint as an Exhibit. Doc. 9-14, Page ID # 235-238. No accompanying affidavit is attached.

3. On June 9, 2023, Hartnett provided her Rule 26 disclosures. This 8-page document does not identify any document supporting the allegation that any criminal complaint or the petition for a protective order was obtained though malice. See **Exhibit 1** attached hereto.

4. In requests for production of documents propounded by Mr. Hardenbergh, Hartnett was requested to (1) produce all documents, which support, tend to support, any claim, defense, and/or alleged damages in the Amended Complaint; and (2) produce all documents upon which a claim or defense you intend to use at trial is founded. See **Exhibit 2** attached hereto.

5. In both discovery propounded by Hartnett and discovery propounded by the Hardenberghs, no interrogatory response was made or document produced that established that the filing of a protective order was performed with the requisite malice or that in requesting criminal affidavits and the protective order, Mr. Hardenbergh was untruthful with the magistrate and/or failed to identify all facts pertaining to the requests.

6. The allegations are insufficient to establish that any action of Mr. Hardenbergh could constitute malicious prosecution. Further, there exists no fact identified or document produced that supports any conclusion that Mr. Hardenbergh engaged in a malicious prosecution. Further, Hartnett has not identified any damages resulting from any action of Mr. Hardenbergh relating to the petition for the protective order.

7. In Mr. Hardenbergh' Request for Interrogatories No. 6, Hartnett was asked to "Identify all damages claimed including the type of damages, and itemization of their monetary value, and any supporting documents." In response to this interrogatory, Hartnett identified no

damages associated with Mr. Hardenbergh's petition for a protective order. See **Exhibit 2** attached hereto.

8. Mr. Hardenbergh was deposed on March 26, 2024. Hartnett made no inquiry of Mr. Hardenbergh regarding any statements he made to the magistrate in obtaining either the criminal charges for conspiracy and trespass, or the civil petition for a protective order.

9. No facts exist which assert that Mr. Hardenbergh did not provide full facts to the magistrate in his complaint or answer truthfully any questions asked by the magistrate. Absent such fact, the issuance of the warrants and the granting of the protective order are presumptively valid and the warrants are based on probable cause.

10. As a matter of law, this Count V must be dismissed against Mr. Hardenbergh as Hartnett has not properly pled a count of malicious prosecution and has failed to identify any factual basis to support her conclusory allegation that Mr. Hardenbergh acted in furtherance of either criminal or civil malicious prosecution.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

11. Mr. Hardenbergh's motion for summary judgment is made pursuant Fed. R. Civ. P. 56.

12. Partial summary judgment is appropriate with regard to Count V as to Mr. Hardenbergh as there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to show that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 312 (1986).

13. Subsequently, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

14. Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

15. The moving party is "entitled to judgment as a matter of law" when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial. See *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999).

16. Mere conclusory statements or conjecture will not suffice. Rather, the party opposing the motion must present sufficient probative evidence to refute the motion for summary judgment. *Celotex Corp.*, 477 U.S. at 322 (1985). If the non-moving party fails to meet this burden, summary judgment should be granted. *Id.*

17. Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327; *see Kindred v. Gumbinner*, 2016 Bank. LEXIS 2155 (2016),

18. If a "party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

## LEGAL STANDARD FOR MALICIOUS PROSECUTION

19.     Actions for malicious prosecution are not favored in Virginia. See *Bain v. Phillips*, 217 Va. 387, 393 (1976). The rationale behind this policy has been stated by the Virginia Supreme Court in *Ayyildiz v. Kidd*:

> The requirements for maintaining an action for malicious prosecution arising from a criminal case are more stringent than those applied to other tort actions. . . . The stringent requirements imposed upon the action for malicious prosecution arising from a criminal case are designed to encourage persons to bring criminal actions in appropriate cases without fear of reprisal by civil actions, criminal prosecutions being essential to the maintenance of an orderly society.

220 Va. 1080, 1082-83 (1980).

20.     To be successful in a claim for malicious prosecution, a plaintiff must prove (1) the prosecution was set in motion by the defendant and was terminated in a manner not unfavorable to the plaintiff; (2) it was instituted or procured by the cooperation of the defendant; (3) *it was without probable cause*; and (4) *it was malicious*. *Id*. at 1082.

## ARGUMENT

21.     In this case, the claim for malicious prosecution is deficient as to Mr. Hardenbergh. Hartnett's Amended Complaint for malicious prosecution cannot proceed to a jury because she fails to allege and establish facts sufficient to establish that Mr. Hardenbergh took steps without probable cause or that he acted maliciously.

   A.  *The unrebutted presumption of probable cause*

22.     Each of the Warrants for Arrest and the Issuance of the Preliminary Protective Order were signed by a neutral and detached magistrate with full knowledge of the facts forming the basis of Count V of the Amended Complaint. In this case, the issuance of the warrants and the execution of the Preliminary Protective Order satisfies the probable cause requirement.

5

23. The Supreme Court of Virginia established almost one hundred years ago that where a Warrant of Arrest is signed by a neutral and detached magistrate with full knowledge of the facts forming the basis of the complaint, then the defendant cannot be held liable for malicious prosecution. *Evans v. Michaelson*, 146 Va. 64, 71 (1926)(where a defendant "went to said [judicial officer] and fully, fairly and truthfully stated the facts and circumstances *as he knew them or believed them to be* with regard to the conduct of [the complainant], and requested the advice and guidance of such [judicial officer] in his official capacity, and if they further believe that the said [judicial officer] advised the issuance of a warrant and that a warrant was issued and the plaintiff arrested and detained, that [the jury] must find a verdict in favor of the defendant.").

24. In light of *Evans v. Michaelson*, an outcome of a case not unfavorable to the plaintiff is an element that must be proven by the plaintiff, but it is not dispositive of liability for malicious prosecution. The issuance of the warrant is an uncontested affirmative defense, established by Mr. Hardenbergh's affidavit attached as Exhibit 3, which affirms that the Mr. Hardenbergh, when seeking the warrants and protective order identified in Count 5 of the Amended Complaint, made a full and complete disclosure of facts and circumstances as he knew them or believed them to be, to the magistrate.

25. *Evans* establishes the law in Virginia, consistent with the public policy identified in *Ayyildiz v. Kidd, supra,* that an action for malicious prosecution does not lie for the bringing of a complaint which is ultimately dismissed; but instead lies for maliciously bringing such complaint by lying or failing to disclose pertinent facts to a magistrate so that the magistrate, as a neutral and detached judicial officer, can render an appropriate finding.

26. Whether or not the defendant made full disclosure of the facts to support this affirmative defense is an evidentiary issue which is subject to determination by summary

6

judgment. The statutory requirements for issuance of a criminal warrant are set forth in §19.2-72, which provides as follows:

> On complaint of a criminal offense to any officer authorized to issue criminal warrants *he shall examine on oath* the complainant and any other witnesses... A written complaint shall be required if the complainant is not a law enforcement officer. If upon such examination such officer finds there is probable cause to believe the accused has committed an offense, such officer shall issue a warrant for his arrest...

§19.2-72.

27. While §19.2-72 requires the submission of a written complaint, it also requires the magistrate to examine on oath the complainant and any other witnesses in addition to the written complaint. The Amended Complaint does not assert that Mr. Hardenbergh did not make a full disclosure of the facts to the magistrate, or that the magistrate failed to conduct his statutorily required examination of Mr. Hardenbergh to ascertain the merits of the allegations.

28. Hartnett has not identified any statement of Mr. Hardenbergh to any magistrate, let alone any evidence that his complaints and petition and statements to the magistrate fully, fairly, or completely disclosed all facts and circumstances as Mr. Hardenbergh knew them or believed them to be. Hartnett can offer no evidence to counter the factual assertion set forth in Mr. Hardenbergh's affidavit, which is attached hereto as **Exhibit 3**.

### B. *There are no damages identified with regard to the protective order*

29. Additionally, regardless of Hartnett's inability to negate Mr. Hardenbergh's proof of his affirmative defense, Hartnett also has failed to allege arrest, seizure of property, or "special injury" with regard to the petition for the protective order. *Ayyildiz v. Kidd*, *supra*, 220 Va. at 1082, stands for the proposition that in malicious prosecution actions stemming from a civil proceeding, such as a petition for a protective order, a plaintiff must allege and prove arrest of her person, seizure of her property, or special injury incurred. The Amended Complaint fails to allege

7

arrest of Hartnett's person, seizure of her property, or any special injury incurred by Hartnett as a result of the petition for a protective order. See *Johnson v. Kaugars*, 14 Va. Cir. 172, 174-75 (Cir. Ct. 1988)

30. As a matter of law, because Hartnett fails to properly support her claim of the absence of probable cause and fails to assert any fact that challenges Mr. Hardenbergh's affidavit, this Court should consider the fact that Mr. Hardenbergh fully, fairly, and completely disclosed all facts and circumstances as he knew them or as he believed them to be, as undisputed for purposes of the motion. Fed. R. Civ. P. 56(e). Given this undisputed facts, the presumption of probable cause found by the magistrate is unrebutted and no reasonable jury could find Mr. Hardenbergh liable for malicious prosecution.

31. Further, because Hartnett fails to identify any damages related to her claim of civil malicious prosecution against Mr. Hartnett for petitioning the Court for a protective order, there is no dispute in evidence and there is no ability for Hartnett to recover on that aspect of the Count.

## CONCLUSION

There are no material facts in dispute and Mr. Hardenbergh is entitled to summary judgment as a matter of law with regard to the count of malicious prosecution. Plaintiff Pamela Hartnett has not produced any facts, as opposed to conclusory allegations and legal conclusions, in support of her actual claims against Mr. Hardenbergh and has not identified any facts that challenge those asserted by Mr. Hardenbergh regarding his proper disclosure to the magistrates who issued the warrants and the preliminary protective order. Hartnett did not have a sufficient basis for bringing the action against Mr. Hardenbergh and obtained no information throughout the discovery process that would permit going forward against Mr. Hardenbergh on this count of malicious prosecution.

WHEREFORE, for the reasons stated above, and for any that may be argued at the hearing on this matter, if any, the Defendant, Mr. Hardenbergh, respectfully requests this Honorable Court GRANT his Motion for Partial Summary Judgment, dismiss the malicious prosecution count as to Mr. Hardenbergh with prejudice, award him attorney fees and costs pursuant to Rule 7054, and any other such relief that this Court deems just and proper.

Dated:  November 8, 2024            CHARLES VANEVERA HARDENBERGH

By  */s/  Kevin J. Funk*
Wyatt B. Durrette, Jr., Esquire (VSB No. 04719)
Kevin J. Funk, Esquire (VSB No. 65465)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:     (804) 775-6900
Fax:    (804) 775-6911
wdurrette@dagglaw.com
kfunk@dagglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/  Kevin J. Funk*
Kevin J. Funk, Esquire (VSB No. 65465)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:     (804) 775-6900
Fax:    (804) 775-6911
kfunk@dagglaw.com