**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| PAMELA K. HARTNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-00017 |
| | ) | |
| CHARLES VANEVERA HARDENBERGH, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHARLES HARDENBERGH'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE CLAIM OF MALICIOUS PROSECUTION**

COMES NOW the Defendant, Charles Vanevera Hardenbergh, ("Mr. Hardenbergh"), by and through his counsel, and in consideration of the arguments presented herein, hereby replies to Plaintiff's Response to his Motion for Partial Summary Judgment with regard to Count V of the Amended Complaint for Malicious Prosecution. In support thereof, Mr. Hardenbergh states as follows:

Plaintiff's Response embarks on a lengthy recitation of her version of events surrounding the July 20, 2019, incident and aftermath, see ECF No. 344, pp. 10-18, but critically omits any discussion on how Mr. Hardenbergh allegedly lied by omission or commission in seeking arrest warrants against Plaintiff, or how Mr. Hardenbergh otherwise failed to make a full and fair disclosure to the magistrate.

Plaintiff's position relies on decidedly circular logic. She believes that her version of events is correct, allegedly as played out by discovery in this case. Therefore, because (allegedly) the facts bear out Plaintiff's account of the various interactions between the parties, then *ipso facto*

Mr. Hardenbergh's account to the magistrate must have been malicious and lacking probable cause. This is simply not the law. Plaintiff cannot point to a single allegation in her Amended Complaint that states that Hardenbergh lied or otherwise did not fully and fairly inform the magistrate of the facts *as he knew them to be*.

The allegations are insufficient to establish that any action of Mr. Hardenbergh could constitute malicious prosecution. Absent some such fact, the issuance of the warrants and the granting of the protective order are presumptively valid and the warrants are based on probable cause.

As a matter of law, this Count V must be dismissed against Mr. Hardenbergh as Plaintiff has not properly pled a count of malicious prosecution and has failed to identify any factual basis to support her conclusory allegation that Mr. Hardenbergh sought a warrant without fully disclosing the factual events as he understood them. Where a Warrant of Arrest is signed by a neutral and detached magistrate with full knowledge of the facts forming the basis of the complaint, then the defendant cannot be held liable for malicious prosecution. *Evans v. Michaelson*, 146 Va. 64, 71 (1926).

The issuance of the warrant is an uncontested affirmative defense, established by Mr. Hardenbergh's affidavit attached to his motion as Exhibit 3, which affirms that Mr. Hardenbergh, when seeking the warrants and protective order identified in Count V of the Amended Complaint, made a full and complete disclosure of facts and circumstances as he knew them or believed them to be, to the magistrate.

The Amended Complaint fails to assert that Mr. Hardenbergh lied by omission or commission to the magistrate, or that the magistrate failed to conduct his statutorily required examination of Mr. Hardenbergh to discover the veracity of his allegations. Plaintiff has failed to

2

identify any statement made by Mr. Hardenbergh *to the magistrate* that she believes was a material falsehood *known to Mr. Hardenbergh at the time he disclosed that statement to the magistrate*. Plaintiff can offer no evidence to counter the factual assertions made by Mr. Hardenbergh in his affidavit.

There are no material facts in dispute with regard to Mr. Hardenbergh's statements to the magistrate. Plaintiff has not identified any facts that challenge those asserted by Mr. Hardenbergh regarding his proper disclosure to the magistrates who issued the warrants and the preliminary protective order. Plaintiff cannot overcome the presumption that her prosecution was with probable cause. Mr. Hardenbergh is entitled to summary judgment as a matter of law with regard to the count of malicious prosecution.

WHEREFORE, for the reasons stated above, and for any that may be argued at the hearing on this matter, if any, the Defendant, Charles Vanevera Hardenbergh, respectfully requests this Honorable Court GRANT his Motion for Partial Summary Judgment, dismiss the malicious prosecution Count as to Mr. Hardenbergh with prejudice, award him attorney fees and costs pursuant to Rule 7054, and any other such relief that this Court deems just and proper.

Dated: December 2, 2024         CHARLES VANEVERA HARDENBERGH

By */s/ Kevin J. Funk*
Wyatt B. Durrette, Jr., Esquire (VSB No. 04719)
Kevin J. Funk, Esquire (VSB No. 65465)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Tel:    (804) 775-6900
Fax:   (804) 775-6911
wdurrette@dagglaw.com
kfunk@dagglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                 /s/ Kevin J. Funk
                                     Kevin J. Funk, Esquire (VSB No. 65465)
                                     Durrette, Arkema, Gerson & Gill PC
                                     1111 East Main Street, 16th Floor
                                     Richmond, Virginia  23219
                                     Tel:     (804) 775-6900
                                     Fax:    (804) 775-6911
                                     kfunk@dagglaw.com