IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT<br>    Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No.: 3:23-cv-17-HEH |
| | ) |
| CHARLES VANEVERA HARDENBERGH<br>Et al.<br>    Defendants | )<br>)<br>)<br>) |

**DEFENDANT MARI HARDENBERGH'S REPLY TO PLAINTIFF'S OPPOSITION TO HARDENBERGH'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE CLAIM OF MALICIOUS PROSECUTION**

COMES NOW the Defendant, Mari Liza Hardenbergh, ("Mrs. Hardenbergh") by and through his counsel, and in consideration of the arguments presented herein, hereby replies to Plaintiff's opposition to Mrs. Hardenbergh's Motion for Summary Judgment with regard to Count V of the Amended Complaint for Malicious Prosecution. In support thereof, Mrs. Hardenbergh states as follows:

Plaintiff's opposition embarks on a lengthy recitation of her version of events surrounding the July 20, 2019 incident and aftermath, see ECF # 343, pp. 10-18, but critically omits any discussion on how Mrs. Hardenbergh allegedly cooperated in *procuring charges* from a magistrate (as opposed to allegedly launching a defamatory campaign against Plaintiff thereafter), or how she adopted or ratified Mr. Hardenbergh's actions by being a beneficiary of her husband's protective order. See *Id.* p. 18

1

The claim for malicious prosecution is deficient as to Mari Hardenbergh. Hartnett's Amended Complaint for malicious prosecution cannot proceed to a jury because she fails to allege facts sufficient to establish that Mari Hardenbergh took steps to either initiate the prosecution, or to adopt and ratify steps which had already been taken or instigated by others. *Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 431 (1918). There is no allegation regarding Mari Hardenbergh's involvement in the institution of any criminal matter.

The Virginia Supreme Court has not recognized a tort of conspiracy to commit malicious prosecution. Consequently, Hartnett has the burden of alleging the actual, affirmative steps purportedly taken by Mrs. Hardenbergh in furtherance of the issuance of a warrant against Harnett, or her ratification of Mr. Hardenbergh's statements to the magistrate (while knowing them to be false and omitting facts known to her at the time of the issuance of the warrants against Hartnett).

The Amended Complaint is devoid of facts to satisfy the second element of malicious prosecution, "instituted or procured by"; and there are no facts developed during discovery to permit a jury to conclude that the petition for a protective order was instituted or procured by Mari Hardenbergh. Hartnett's reliance on Mrs. Hardenbergh's alleged "cooperation" in dismissing the protective order based on physical positioning in the courtroom strains credulity and fails to support Hartnett's argument. See ECF # 343, ¶ 24 ("...Charles, under oath before the Court admitted they/he was trying to "bait" Hartnett, at which time Plofchan, and with the physical

"cooperation" of Mari seated interior bench [sic] behind the counsel table, moved to dismiss the Protective Order against Hartnett.")

Further, even if Hartnett could sufficiently allege that Mrs. Hardenbergh took active steps to participate in swearing out charges against Hartnett, Hartnett would still need to overcome the insurmountable hurdle that she has failed to plead that the charges [sought by Mr. Hardenbergh] were without probable cause.

As stated in Mr. Hardenbergh's reply to Hartnett's response to Charles Hardenbergh's Motion for Partial Summary Judgment, Hartnett cannot point to a single allegation in her Amended Complaint that states that Mr. Hardenbergh lied or otherwise did not fully and fairly inform the magistrate of the facts *as he knew them to be*.

The allegations are insufficient to establish that any action of Mr. *or* Mrs. Hardenbergh could constitute malicious prosecution. Absent some such fact, the issuance of the warrants and the granting of the protective order are presumptively valid and the warrants are based on probable cause.

As a matter of law, Count V must be dismissed against Mrs. Hardenbergh as Hartnett has not properly pled a count of malicious prosecution and has failed to identify any factual basis to support her conclusory allegations that Mrs. Hardenbergh actively participated or cooperated in seeking charges against Hartnett, **and** that the warrant was based on a deficient disclosure of the facts *as Mr. Hardenbergh knew them to be* at the time he swore out his statement to the magistrate.

3

Where a Warrant of Arrest is signed by a neutral and detached magistrate with full knowledge of the facts forming the basis of the complaint, then the defendant cannot be held liable for malicious prosecution. *Evans v. Michaelson*, 146 Va. 64, 71 (1926).

The Amended Complaint fails to assert that Mr. or Mrs. Hardenbergh lied by omission or commission to the magistrate, or that the magistrate failed to conduct his statutorily required examination of Mr. or Mrs. Hardenbergh to discover the veracity of their allegations. Hartnett has failed to identify any statement made by Mr. Hardenbergh *to the magistrate* that she believes was a material falsehood *known to Mr. Hardenbergh at the time he disclosed that statement to the magistrate* or any fact that evidences Mrs. Hardenbergh's cooperation in Mr. Hardenbergh allegedly making false statements to the magistrate.

Mrs. Hardenbergh did not swear out warrants against Hartnett. There are no factual allegations that Mrs. Hardenbergh participated in a concerted effort with Mr. Hardenbergh to inaccurately or maliciously present a false narrative to a magistrate. There are no material facts in dispute with regards to Mr. Hardenbergh's statements to the magistrate. Hartnett has not identified any facts that challenge those asserted by Mr. and Mrs. Hardenbergh regarding his proper disclosure to the magistrates who issued the warrants and the preliminary protective order. Hartnett cannot overcome the presumption that her prosecution was with probable cause. Mrs. Hardenbergh is entitled to summary judgment as a matter of law with regard to the count of malicious prosecution.

WHEREFORE, for the reasons stated above, and for any that may be argued at the hearing on this matter, if any, the Defendant, Mrs. Hardenbergh, respectfully requests this Honorable Court GRANT her Motion for Partial Summary Judgment, dismiss the malicious prosecution count as to Mrs. Hardenbergh with prejudice, award him attorney fees and costs pursuant to Rule 7054, and any other such relief that this Court deems just and proper.

                                                             Respectfully submitted,
                                                             MARI HARDENBERGH
                                                             By Counsel

WESTLAKE LEGAL GROUP

   /s/ Thomas K. Plofchan, Jr.
Thomas K. Plofchan, Jr., VSB No. 34536
46175 Westlake Drive, Suite 320
Potomac Falls, VA 20165
(703) 406-7616 – Telephone
(703) 444-9498 – Facsimile
Email: tplofchan@westlakelegal.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2024, I served a copy of the foregoing upon the following via email to:

                    James B. Thorsen, Esq.
                    THORSENALLEN LLP
                    5413 Patterson Avenue, Suite 201
                    P.O. Box 17094
                    Richmond, Virginia 23226
                    Fax:  804-447-7813
                    Email:  jthorsen@thorsenallen.com

Wyatt B. Durrette, Jr.
Kevin Funk
DURRETTE, ARKEMA, GERSON & GILL, P.C.
111 E. Main Street, 16th Floor
Richmond, Virginia 23219
Fax: 804-775-6911
Email: wdurrette@dagglaw.com


/s/ Thomas K. Plofchan, Jr.
Thomas K. Plofchan, Jr.

6