IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-17-HEH |
| ) | |
| CHARLES VANEVERA ) | |
| HARDENBERGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM ORDER**
(Granting the Motions to Seal Exhibits)

THIS MATTER is before the Court on a Motion to Seal ("Plaintiff's Motion," ECF No. 368) filed by Plaintiff Pamela K. Hartnett ("Plaintiff") on January 2, 2025, a Motion to Seal ("Defendants' Motion," ECF No. 372) filed by Defendants 135 Monroe, LLC, Charles V. Hardenbergh, PC, Commonwealth Attorney Marketing Service, LLC ("CAMS"), Charles Vanevera Hardenbergh, Mari Liza Hardenbergh, and The Monroe Building, LLC (collectively, "Defendants") on January 2, 2025, and a Motion to Seal (the "Hardenbergh's Motion," ECF No. 365) filed by Defendants Charles Vanevera Hardenbergh and Mari Liza Hardenbergh (the "Hardenberghs") on December 31, 2024. In their motions, each of the parties move to seal exhibits regarding the Motion to Strike Plaintiff's Expert Disclosure of Dr. Miller (ECF No. 349). (*See* Pl.'s Mot.; Def.s' Mot.; the Hardenbergh's Mot.) The documents that the parties move to seal are Plaintiff's medical records. (ECF Nos. 354; 355; 359–62; 375).

Public notice that these records would be sealed was provided in this case. The Hardenberghs filed a Notice of Filing Sealing Motion on December 31, 2024. (ECF No. 367.) Plaintiff filed her Notice of Filing Sealing Motion on January 2, 2025. (ECF No. 370.) Likewise, Defendants filed their Notice of Filing Sealing Motion on January 2, 2025. (ECF No. 374.) No objection to sealing Plaintiff's medical records has been raised to the Court.

Before a court may seal court documents, it must: "(1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). In compliance with Local Civil Rule 5(C) and *Public Citizen*, public notice of the three motions to seal have been provided and the time to respond has passed. The Court has reviewed the exhibits, determined that they are Plaintiff's medical records, and finds that they, if filed publicly, would unnecessarily disclose Plaintiff's sensitive personal and medical information. Because Plaintiff's interest in the privacy of her medical records outweighs the public interest, the Court finds it appropriate to seal them. Accordingly, the Court GRANTS the three (3) motions to seal (ECF Nos. 365, 368, 372). The exhibits containing Plaintiff's medical records that are attached to memoranda regarding the Motion to Strike Plaintiff's Expert Disclosure of Dr. Miller shall be filed under seal, specifically, ECF Nos. 354; 355; 359–62; and 375.

.

The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Jan. 27, 2025
Richmond, Virginia