IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-17–HEH |
| | ) |
| CHARLES VANEVERA | ) |
| HARDENBERGH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
(Denying Rule 59(e) Motion)

THIS MATTER is before the Court on a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Motion," ECF No. 570), filed on October 23, 2025, by Defendants Charles V. Hardenbergh ("Charles") and Charles V. Hardenbergh, PC (collectively, "Defendants"). The parties have filed memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. R. 7(J). For the reasons set forth below, the Court will deny the Motion.

**I. BACKGROUND**

This case arose from Plaintiff's allegations that between July 20 and July 25, 2019, she suffered assault and battery, defamation, trespass, malicious prosecution, and other offenses at the hands of Defendants. (Am. Compl., ECF No. 9.) Defendants brought counterclaims of malicious prosecution. (Second Am. Answer, ECF No. 44.)

On May 12, 2025, the Court began a jury trial to resolve the parties' allegations. (Min. Entry, ECF No. 520, at 1.) After the evidence and argument at trial concluded, the jury deliberated and returned verdicts on May 22, 2025. (Min. Entry, ECF No. 531, at 2.) The jury found liability on five (5) of eight (8) Counts submitted. (Jury Verdict, ECF No. 532.) The jury found Defendants Charles and Charles V. Hardenbergh, PC liable for Count II: Defamation and Defendant Charles liable for Count IV: Trespass.[1] It found Plaintiff liable for Counterclaim Count V: Malicious Prosecution.

Upon reviewing the parties' post-trial motions, the Court (1) vacated the jury's finding of Defendant Charles' liability on Count IV: Trespass because the jury awarded punitive damages but failed to award compensatory damages, (2) granted Defendants' motion for remittitur, (3) granted Plaintiff's Rule 59 motion in part and denied it in part, and (4) denied Defendants' motion to complete the trial record. (August 28, 2025, Mem. Order, ECF No. 556.) The Court then entered a final judgment in the case (September 25, 2025, Order, ECF No. 566) and granted Plaintiff's motion for attorneys' fees (January 14, 2026, Order, ECF No. 573).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion asking a district court "to alter or amend a judgment . . . no later than 28 days after entry of the judgment." FRCP 59(e). "It is the moving party's burden to establish one of . . . three grounds" to attain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir.

---

[1] The Court addresses only those verdicts pertinent to the present Motion.

2012). A court may grant relief "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)); *see Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

Rule 59(e) "permits a district court to correct its own errors" to preempt "the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Courts grant Rule 59(e) relief only in exceptional circumstances, as it remains "an extraordinary remedy that should be applied sparingly . . . ." *Moke Am. LLC v. Moke Int'l Ltd.*, 126 F.4th 263, 283 (4th Cir. 2025) (quoting *Mayfield*, 674 F.3d at 378). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure Civ.* § 2810.1 (3d ed.). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Likewise, a party may not employ a Rule 59(e) motion to "raise arguments which could have been raised prior to . . . the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id. See Pac. Ins. Co.*, at 403 (collecting cases holding that "Rule 59(e) motions may not be used . . . to

3

raise arguments which could have been raised prior to . . . judgment, nor . . . to argue a case under a novel legal theory that the party had the ability to address in the first instance."). Further, a litigant may not use Rule 59(e) to relitigate issues already decided by the court or the jury. *See Clapper v. Chesapeake Conference of Seventh-Day Adventists*, 1998 WL 904528, *5 (4th Cir. Dec. 29, 1998) ("The Rule 59(e) motion may not be used to relitigate old matters"). *See also Thompson v. Direct Impact Co.*, 63 F. Supp. 2d 721, 724 (E.D. Va. 1998) ("[A] Rule 59(e) motion is not a vehicle for obtaining post judgment reargument on issues already decided"); *aff'd*, 188 F.3d 503 (4th Cir. 1999); *Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. 458, 460 (E.D. Va. 2004) ("Rule 59(e) does not entitle [a party] to a second bite at the apple").

### III. ANALYSIS

Pursuant to Rule 59(e), Defendants move to alter or amend the September 25, 2025, judgment to correct a clear error of law or prevent manifest injustice. (Br. in Supp., ECF No. 569, at 1–2; see Reply, ECF No. 572, at 1.) Defendants contend that, because the jury found they were not liable for assault, battery, or malicious prosecution, Defendants' statements labeling Plaintiff a liar are either true or constitutionally protected opinions based on disclosed facts. (Br. in Supp. at 6; Reply at 2.) Consequently, Defendants argue, the statements are not actionable under Virginia law, and the Court should reverse the jury's defamation verdict as logically inconsistent with its other verdicts. (Br. in Supp. at 7; Reply at 1.)

In developing their Rule 59(e) argument, Defendants rely on *Schaecher v. Bouffant*, 290 Va. 83, 772 S.E.2d 589 (2015), and the recent Virginia Court of Appeals

4

unpublished opinion in *Petrak v. Sawyers*, No. 0110-24-4, 2025 WL 2956919 (Va. Ct. App. Oct. 21, 2025), to contend that the Facebook posts and the sign hung at 139 Monroe St. in Petersburg, Virginia must be read in context as expressions of opinion grounded in fully disclosed facts—not as assertions of undisclosed defamatory facts. (Br. in Supp. at 6–7.) Defendants characterize *Petrak* as "amplifying and clarifying" *Schaecher* (*id.* at 1) and reinforcing the principle that, when the factual predicate is fully disclosed, hard characterizations such as "liar" or "sexual predator/harasser" are protected opinions, so long as the underlying disclosed facts are not false or themselves defamatory (*see id.* at 6–7). Defendants cite to *Pecos River Talc, LLC v. Emory*, No. 4:24-cv-75, 2025 WL 1921507, at *6 (E.D. Va. July 11, 2025) (quoting *Roberts v. Mintz*, No. A-1563-14T4, 2016 WL 3981128, at *7 (N.J. Super. Ct. App. Div. July 26, 2016) (holding that a "reasonable reader" would interpret a statement like "grifters" as "name-calling" absent "specific verifiable facts")), and encourage the Court to "consider content, verifiability and context" in its analysis of their statements. (Br. in Supp., at 6.) Comparing Charles' Facebook posts to the *Petrak* defendant's Facebook post, Defendants further assert that the posts demonstrated Plaintiff brought false charges, that the posts framed his comments as his personal assessment, and that any sting comes from non-actionable rhetorical hyperbole rather than provable false factual assertions. (*See id.* at 6–8.)

Defendants similarly insist that the sign—featuring Plaintiff's image superimposed with the word "LIAR" and surrounded by other derogatory descriptors—rests on evidence elicited at trial rather than fabricated facts. (*Id.* at 8.) They point to trial testimony, albeit without citation, that Plaintiff was dishonest, that a family member had

5

a violent history, that her father was a convicted sex offender, and that her counsel sought what they characterize as an extortionate settlement. (*Id.*) They assert that none of this was shown to be false—rather, the sign only distilled the same factual themes presented to the jury and thus cannot be defamatory if those premises stand. (*Id.*)

Defendants also emphasize that under *Gazette, Inc. v. Harris*, 229 Va. 1 (1985), and *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40 (2009), falsity is Plaintiff's burden, not an affirmative defense. (Br. in Supp. at 5.) Defendants claim the jury's rejection of Plaintiff's assault, battery, and malicious prosecution theories necessarily establishes that she failed to prove falsity. (*Id.* at 6–8.) Therefore, they contend, even if it is derogatory, "calling a liar a liar" here is true. (*Id.* at 8.)

Plaintiff, in response, argues that Defendants' Rule 59(e) Motion fails at the threshold because it is untimely in substance and identifies no intervening change in controlling law, new evidence, or clear error/manifest injustice. (Resp., ECF No. 571, at 3.) She contends that Defendants' inconsistency argument does not establish that the defamation verdict is legally irreconcilable with the jury's finding on the other counts. (*Id.* at 8–9.) She further argues the Motion impermissibly re-packages arguments that were, or could have been, made earlier (*id.* at 4–5) and revisits factual and legal issues the jury has already decided (see *id.* at 8).

Plaintiff emphasizes that *Petrak* is an unpublished Court of Appeals opinion and thus cannot constitute a controlling change or clarification of law for Rule 59 purposes. (*Id.* at 4.) She also contends that Defendants' reliance on *Schaecher* and *Petrak* does not transform their defamatory accusations into non-actionable opinion. (*See id.* at 4–5.) She

6

maintains, rather, that *Petrak* applies existing principles from *Schaecher*[2] and the Restatement (Second) of Torts,[3] thus adding no legal theories that were unavailable to Defendants at the time of their prior motions to dismiss, motions for summary judgment, or their first Rule 59 filing. (Resp., at 4–5.)

Moreover, Plaintiff contends the Court should reject *Petrak* as contradictory to the facts in this matter. (*Id.* at 5.) She states that, unlike the *Petrak* plaintiff, who did not challenge the factual footing of the social media post at issue, she has indeed contested the truthfulness of the bases for Defendants' defamatory statements. (*Id.*) Plaintiff argues that Charles' Facebook posts lacked any context to suggest they were opinions or based on verifiable fact—rather, they (1) falsely compared her to a convicted murderer also named Pam, (2) suggested past victims, (3) accused her of embezzlement and greed, and (4) included admissions that "more details" were forthcoming. (*See id.* at 8) (quoting Am. Compl., ECF No. 9, ¶ 68); (*id.*, at 10).

Plaintiff also notes that while *Petrak* involved a public-official plaintiff and a single, short Facebook post that fully disclosed its factual predicates, the present matter involves a private plaintiff, a series of lengthy Facebook posts, and a sign that omitted

---

[2] *See Petrak v. Sawyers*, No. 0110-24-4, 2025 WL 2956919, at *4 (Va. Ct. App. Oct. 21, 2025) (citing *Schaecher v. Bouffant*, 290 Va. 83, 105 (2015).

[3] *See Petrak v. Sawyers*, No. 0110-24-4, 2025 WL 2956919, at *4 n.8 (Va. Ct. App. Oct. 21, 2025) (citing *Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 303–04 (2007) (quoting Restatement (Second) of Torts § 566 cmt. a (1977) ("[F]alse statement of fact . . . expressly stated or implied from an expression of opinion' subject to defamation under common law . . . .")); and citing Restatement (Second) of Torts § 566 cmt. c ("A simple expression of opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is.").

7

many material facts. (Resp., at 5.) She insists the omitted facts include, for example, that she and Charles had engaged in a sexual relationship (*see* Joint Stipulated Facts, ECF No. 520-2, ¶ 23), and that Charles intended the Facebook posts and the sign to "bait" Plaintiff into criminal behavior that would make her a target of law enforcement (*see* Trial Tr. 149:4–19, ECF No. 546 (testimony of Charles Van Hardenbergh)). (Resp., at 5.) She concludes that these omissions show that Defendants' speech did not transparently lay out all predicates, as did the *Petrak* defendant's speech. (Resp., at 5.)

Plaintiff also challenges as inapposite Defendants' invocation of *Pecos River Talc LLC v. Emory* and *Roberts v. Mintz*. (*Id.* at 9–10.) She argues that where those cases involved emotionally charged rants that a reasonable reader would interpret as mere hyperbole, Charles' posts were "serious and knowledgeable and fact-based," implying undisclosed defamatory facts. (*Id.* at 10) (citation modified). Plaintiff contends the jury's award of damages confirms the statements were false and defamatory, not a mere reaction to derogatory language as Defendants suggest. (Resp., at 10.)

Plaintiff disputes that the jury's verdicts show she failed to prove falsity. (*Id.* at 3, 10–11.) She directs the Court's attention to the fact that after hearing evidence for nine (9) days, the jury returned a verdict for her on her trespass claim and awarded substantial compensatory and punitive damages on her defamation claim. (*Id.* at 1–2, 10.) She contends that "there is no determining the jury's reasons" for returning a verdict against her on the assault and battery or kidnapping charges, and that those claims, along with the malicious prosecution claim, "had nothing to do with the jury's verdict for her on the defamation claim." (*Id.* at 8–9.) She also emphasizes that Defendants cite no specific

8

transcript passages or new evidence tying the non-defamation verdicts to a factual finding that she was a liar about the July 2019 events. (*Id.* at 9–10.)

The Court now turns to its analysis. As a preliminary matter, the parties have already developed and fully briefed the governing law on defamation in Virginia, and thus the Court abstains from another such recitation here. After reviewing the parties' arguments and the record, the Court will deny Defendants' Motion because it fails to establish any of the three (3) possible conditions needed to plead a Rule 59(e) motion successfully.

First, Defendants do not establish any intervening change in controlling law that would warrant relief under Rule 59(e). Although an unpublished state court decision may be instructive, it is not binding on this Court. *See United States v. Matthews*, No. 4:25-CR-54, 2025 WL 3138948, at *2 (E.D. Va. Nov. 6, 2025). This is true particularly when the state's Supreme Court has already directly addressed the relevant legal principles, as the Virginia Supreme Court did in *Schaecher*. *See King v. Zella* (*In re Zella*), 202 B.R. 712, 714 (E.D. Va. 1996) ("[W]here there are state Supreme Court cases that are directly on point . . . a Federal Court is not bound by the decisions of a state's lower courts in determining the content of state law.").

Here, Defendants rely heavily on *Petrak*, but *Petrak* introduces nothing that the *Schaecher* court has not already addressed. Rather, it applies the principle *Schaecher* already established, namely that a statement framed as opinion is non-actionable when it rests on fully disclosed, non-defamatory facts and does not imply undisclosed defamatory

9

facts. Thus, Defendants fail to demonstrate an intervening change in law to support their Motion.

Second, Defendants fail to identify any newly discovered evidence that would warrant relief under Rule 59(e). The Court agrees with Plaintiff's assertion that the entirety of Defendants' argument relies on evidence adduced during the trial and legal theories available prior to judgment. (*See* Resp. at 4–5, 9–10.) Arguments directed at the alleged factual insufficiency of Plaintiff's defamation case are not new evidence but, instead, Defendants' reinterpretation of the weight of the evidence the jury already considered. Defendants may not have a second bite at the apple. *See Hanover Ins. Co. v. Corrpro Cos.*, 221 F.R.D. at 460. Consequently, this cannot serve as a basis for Rule 59(e) relief.

Third, Defendants do not demonstrate a clear error of law or manifest injustice that undermines the integrity of the verdict. "[I]t is a high burden to prevail on a Rule 59(e) motion based upon a clear error of law." *In re Boyd*, 618 B.R. 133, 165 (Bankr. D.S.C. 2020). To successfully demonstrate that a Court's prior decision was a "clear error or manifest injustice," a party must show that the Court was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("A prior decision does not qualify for this third exception by being just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.") (alteration in original) (internal quotation marks omitted). "[F]or a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it." *In re D.C. Diamond Corp.*,

No. 1:19-CV-463, 2020 WL 13605457, at *2 (E.D. Va. Mar. 16, 2020), aff'd, 816 F. App'x 873 (4th Cir. 2020).

Defendants argue that their "liar" statements are protected opinion based on fully disclosed, non-defamatory facts pursuant to *Petrak*. Defendants characterize their Facebook posts and the sign hung on the side of their 139 Monroe St. building as mere commentary on Plaintiff's criminal accusations and the litigation history. They contend that they provided readers of the Facebook posts and viewers of the sign with the core underlying events, and that the "liar" label merely reflects their assessment of those events.

The United States Supreme Court has remarked on the distinction between protected opinions and defamation:

> '[E]xpressions' of 'opinion' may often imply an assertion of objective fact. If a speaker says, 'In my opinion John Jones is a liar,' he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, 'In my opinion Jones is a liar,' can cause as much damage to reputation as the statement, 'Jones is a liar.'

*Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18–19 (1990).

Here, the record does not support Defendants' conclusion that their statements are protected opinion based on fully disclosed, non-defamatory facts. In contrast to the defendant in *Petrak*, whose singular Facebook post provided a transparent logical basis for readers to identify it as a "personal assessment or interpretation of the disclosed facts," *see Petrak*, at 6, Defendants published a series of posts that obfuscated the

11

distinction between protected opinion and actionable assertions of objective fact regarding Plaintiff. Unlike the "profanity-laden, emotionally-charged [sic]" language in *Roberts*, 2016 WL 3981128, at *7, Defendants' statements assumed a pretense of factual authority by drawing parallels to a notorious convicted murderer. This was compounded by assertions of extrinsic knowledge—such as promising "more details" on Plaintiff's "past victims"—implying the existence of undisclosed, defamatory facts. (*See* ECF No. 9-10, at 8.)

Likewise, Defendants' sign, specifically Plaintiff's picture captioned "LIARS," is not analogous to the statements in *Petrak* and *Schaecher* because it lacks the requisite disclosure of underlying non-defamatory facts to qualify as pure opinion. The sign provides no factual background to show on what basis Defendants have judged Plaintiff to be a liar or how her picture relates to the other, surrounding photographs labeled "REGISTERED SEX OFFENDERS," "EXTORTIONISTS," and "VIOLENCE." (*See* ECF No. 9-11.) Rather, the sign's dual function as an advertisement for Defendants' legal services lends it a patina of legal significance and truth. (*See* ECF No. 9-11.) A reasonable viewer would perceive these statements as factual assertions rather than mere opinion, even when taken in context and in their entirety as suggested in *Pecos River Talc, LLC*. Thus, the jury properly found the statements actionable and Defendants liable for defamation.

Defendants also contend that because the jury rejected Plaintiff's assault, battery, and malicious prosecution claims, it necessarily found that she "lied" about those events, rendering the defamation verdict inconsistent and indefensible. The Court does not adopt

that inference. The elements and burdens for those torts differ from those for defamation. A defense verdict on assault, battery, or malicious prosecution may reflect juror doubt on causation, intent, or other elements, or simply an inability to find Plaintiff's evidence sufficient by a preponderance, without amounting to a positive finding that she lied. *See also Shockley v. Hoechst Celanese Corp.*, 996 F.2d 1212 (4th Cir. 1993) (unpublished table decision) ("It is not [the Court's] task to discern something so inscrutable as the jury's intent."). The jury was tasked with finding a general[4] verdict on each claim, and thus the verdict form involved only yes/no questions regarding total liability and blank spaces for awarding compensatory and punitive damages in exact sums. (*See* Jury Verdict, ECF No. 534.) There were no questions—such as those found on forms for special verdicts and general verdicts with special interrogatories within the meaning of Fed. R. Civ. P. 49—requiring the jury to make specific factual determinations that would indicate its reasoning for assigning liability or awarding damages as it did. (*Id.*) Finally, the jury found for Plaintiff on the trespass claim in addition to the defamation claim, demonstrating that it credited at least some portion of her account over that of Defendants.

Notably, the defamation claim was not limited to the bare inquiry of whether the criminal accusations were sustained. Defendants' statements, in a larger narrative about her character and past conduct, portrayed Plaintiff as a liar comparable to a notorious

---

[4] A general verdict "asks the jury to indicate for each Count whether it ruled for plaintiff or against plaintiff, with respect to each defendant. The word 'Damages' then appears . . . with blanks for the jury to complete with amounts for compensatory damages and punitive damages." *Turyna v. Martam Const. Co.*, 83 F.3d 178, 179–80 (7th Cir. 1996).

13

convicted murderer, without any context to show upon what basis they made those conclusions. The jury could—and did—reasonably determine that this broader portrayal was false and defamatory. Moreover, the Court's prior orders placed the burden of proving falsity squarely on Plaintiff, as is consistent with Virginia law. The jury, after a lengthy trial, awarded both compensatory and punitive damages on the defamation claim, indicating that it found Plaintiff met her burden. Defendants have not identified evidence contradicting that verdict, nor any flaw in the Court's instructions to the jury. Thus, Defendants have failed to demonstrate any clear error of law or risk of manifest injustice under Rule 59(e).

In sum, the jury rejected Defendants' case in part and accepted it in part. That outcome, even if disappointing to Defendants, does not rise to the level of an extraordinary circumstance under Rule 59(e) to warrant disturbing a duly rendered verdict.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Rule 59(e) Motion to Alter or Amend the Judgment. (ECF No. 570.) An appropriate Order accompanies this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 24, 2026
Richmond, Virginia

14